■ HUGUETTE F. STREULI, Appellant-Respondent, v FRITZ H. STREULI, Respondent-Appellant. HUGUETTE F. STREULI, Respondent, v FRITZ H. STREULI, Appellant.—Order, Supreme Court, New York County, entered March 25, 1977, which, *inter alia,* fined defendant the sum of $1,333.38, relieved him of payment of arrears in child support to the extent of $4,666.62, and modified the judgment of divorce to the extent of reducing the amount of child support from $1,000 to $666.66 per month as of December 2, 1975, unanimously modified, on the law, by striking the second and third decretal paragraphs and revising the amount of the fine to $6,000 with credit to defendant for the $1,333.38 which he paid, pursuant to the order, and, as so modified, affirmed, without costs and disbursements. Order, Supreme Court, New York County, entered October 17, 1977, which, *inter alia,* directed that plaintiff recover $8,066.62 in alimony and support arrears, awarded a counsel fee in the sum of $750 to plaintiff's counsel and denied defendant's cross motion for a downward modification in the amount of alimony and child support, unanimously affirmed, without costs and disbursements. Section 32 of the Domestic Relations Law provides that under the Uniform Support of Dependents Law a father is liable for support of his children under 21 years of age. Regardless of the fact that plaintiff's prior counsel who represented her in the proceeding culminating in the March 25, 1977 order, embraced defendant's view that this section barred child support for the oldest of the parties' three children who was 21 on December 2, 1975, it remained for Special Term to correctly apply the law. The separation agreement between the parties provides, *inter alia,* that child support shall cease for each child respectively as that child either completes undergraduate college, or, if he does not attend college, upon the child reaching 21. By entering into such separation agreement, which was incorporated but not merged into the divorce decree, defendant waived the protection of section 32 and voluntarily assumed support of each of his children, even after that child attained 21, provided the child was pursuing an undergraduate college education (see *Carter v Carter,* 52 AD2d 835). Accordingly, Special Term improperly modified the divorce decree by reducing child support and defendant was in arrears for $6,000 for the months of October, November and December, 1976. Defendant failed to make a prima facie showing of a genuine issue as to whether he could abide by the terms of the divorce decree and the record supports Special Term's observation that no change in circumstances to warrant downward modification of alimony and child support is presented. Concur—Kupferman, J. P., Lupiano, Silverman and Evans, JJ.