■ In the Matter of BARLOW E. AIKEN, Appellant, v CONSTANCE M. AIKEN, Respondent.—Yesawich, Jr., J. Appeal from an order of the Family Court of St. Lawrence County (Nelson, J.), entered January 4, 1985, which, *inter alia,* granted petitioner's application for custody of Tammi Aiken, and which directed him to pay $40 per week for the support of Kara Aiken.

Petitioner (father) and respondent (mother) were divorced in 1978; custody of the two daughters of the marriage was awarded to the mother. On January 20, 1984, Tammi, the older daughter, left her mother's home to live with her father. This change in circumstances prompted the parties to file petitions for modification of the prior custody and support orders, and hearings were had on those applications.

When Tammi moved in with her father, the Support Collection Unit (SCU) of St. Lawrence County was collecting child support by wage deduction from the father in the amount of $30 per week for each child. After being notified of Tammi's change of residence, SCU did not transmit the support allocable to her to the mother. The father's first petition for modification was filed February 24, 1984. By that petition he sought custody of Tammi and to have the mother pay half the tuition expenses incurred to enable Tammi to attend the Canton Central School. Because Tammi had been studying geometry in a classical rather than modern math sequence, and Spanish, the father, though a resident of a different school district, enrolled her in the Canton School District so she could continue those studies without disruption; this occasioned the tuition payment. He did not consult the mother beforehand; she testified that Tammi's former math teacher was of the opinion that Tammi could make the transition from the classical to modern study of math with ease.

Family Court ordered SCU to disburse to the mother any support money collected before the filing of the father's petition, transferred custody of Tammi to him, canceled his support obligation for her, increased the amount of support payable for the other child, Kara, from $30 per week to $40 per week, and denied the father's request that the mother contribute to Tammi's tuition expense. This appeal followed.

Initially, the father contends that the aspect of the order which directs SCU to pay over to the mother funds it had collected for Tammi from January 20, 1984 to February 24, 1984 was unfair because her entire support had been his responsibility after January 20, 1984. The court, however, was only empowered to make its modification of the prior support order retroactive to the date of the filing of the father's petition (see, Family Ct Act § 449)—and not earlier (see, Matter of Hackett v Haynes, 70 AD2d 1051; see also, Besharov, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 449, p 333).

The father's disagreement with Family Court's decision to increase his child support obligation for the child who remained with the mother is similarly ill advised. His argument incorrectly presupposes that prior support decrees continued to bind the court absolutely. In fact, the material change in circumstances occasioned by Tammi's move permitted modification directed at enhancing the best interests of the child (see, Matter of Brescia v Fitts, 56 NY2d 132). Here, the court thoroughly evaluated the circumstances and, after noting the

disparate earnings between the parents and the improvement in the father's financial condition upon remarriage, increased the child support for Kara from $30 to $40 per week. There is no reason to disturb that determination.

Furthermore, since the father unilaterally made the decision to incur Tammi's tuition expense and failed to establish his allegation that the mother "instigated and caused" Tammi's decession, Family Court correctly concluded that there is no merit to the contention that the mother should share that expense.

Order affirmed, without costs. Kane, J. P., Main, Weiss, Mikoll and Yesawich, Jr., JJ., concur.