■ Marilyn L. Hoffman, Respondent, v Gordon S. Hoffman, Appellant.—Order, insofar as appealed from, unanimously modified, on the law and facts, and, as modified, affirmed, without costs, in accordance with the following memorandum: Under the facts of this case, the court erred in

holding that defendant's responsibility to pay child support continued beyond each child's majority.

Under New York law, a parent is chargeable only for the support of his children under the age of 21 (Domestic Relations Law § 32 [3]; *see also*, Family Ct Act § 413 [1]). A person who has reached the age of 21 is emancipated, as a matter of law, absent exceptional circumstances, and a parent is no longer chargeable for his support *(see, Urban v Urban,* 90 AD2d 793, 794; *Lord v Lord,* 96 Misc 2d 434, 438-439). The fact that a child is attending college is not, in itself, an exceptional circumstance upon which to justify a support order beyond the age of 21 *(Seaman v Seaman,* 37 AD2d 551, 552; *Greenberg v Greenberg,* 27 AD2d 952).

However, a parent may contractually assume responsibility to support a child beyond the age of majority *(see, Streuli v Streuli,* 60 AD2d 829). Plaintiff relied upon language contained in an oral stipulation entered into in open court concerning the oldest child, Jill, who then was over 21 but on the threshold of graduating from college. The agreement provided that Jill would be treated "as though she were emancipated", and no child support was provided for her. The court concluded that this language equates emancipation with college graduation. We cannot agree. To hold defendant responsible for child support beyond the age when the law ceases to expect it requires an express agreement in unmistakable terms to accept such responsibility *(Streuli v Streuli, supra).* Therefore, the portions of the order directing defendant to continue to pay child support until each child graduates from college, and for arrears, are vacated.

Since the court has ordered a hearing on the apportionment of payment of colleges expenses for the children between plaintiff and defendant and also on defendant's motion to modify his support obligation, we express no view on these issues. (Appeal from order of Supreme Court, Monroe County, Doyle, J.—child support.) Present—Callahan, J. P., Doerr, Boomer, Lawton and Schnepp, JJ. *[See,* 130 Misc 2d 701.]