JAMES BEITER, Plaintiff, v ELIZABETH BEITER, Defendant.

Supreme Court, Nassau County, March 10, 1989

## APPEARANCES OF COUNSEL

*Harold Sussman* for plaintiff. *Sheila Derman* for defendant.

### OPINION OF THE COURT

BERNARD F. McCAFFREY, J.

Does the plaintiff husband have the obligation to support his handicapped child, whose chronological age is 21 years, but whose intellectual and emotional age is five years?

The plaintiff and defendant were married on July 23, 1955 and produced five issue of the marriage, all of whom are over the age of 21 or emancipated. The child, Debra, 21 years of age, is physically and mentally handicapped, a victim of down's syndrome.

It is plaintiff's position that his obligation to support Debra ceased upon her 21st birthday and, accordingly, that the marital premises should be sold and equitably distributed.

It is the defendant wife's contention that the question of both parents' continued financial support for Debra would never have arisen were it not for this matrimonial action initiated by the plaintiff husband. Furthermore, that their daughter, Debra, though 21 years old is only five years old emotionally and intellectually, has adjusted to an environment where she feels secure, loved.

Though at first blush it would appear that the issue of support is the sole issue, in reality, the unstated pivotal issue is, at what point exclusive use of the marital premises should or should not be terminated and the marital premises sold.

It is the wife's further contention that the period of exclusive use of the marital premises should, in effect, be indefinitely extended and that the court should decide the matter on the basis of the best interests of the "child" Debra, though being chronologically 21 years of age is, in reality, five years of age, emotionally and mentally.

The plaintiff husband contends that the best interests doctrine is inapplicable, in that Debra is not a "child", but legally a "person or adult child over the age of twenty-one (21)."

It is well established that parents are chargeable with the support of a child under the age of 21. (Family Ct Act § 413.) The Family Court has jurisdiction over physically handicapped children defined to be a person under the age of 21, who by reason of physical defect is or may be incapacitated for education or renumerative occupation. (Family Ct Act § 232 [a], [b].)

Parents are liable for the support of their child under the age of 21 years. (Domestic Relations Law § 32 [3].) The patient, his estate, his spouse, his parents or his legal guardian, if he is under the age of 21, are jointly and severally liable for the fees for services rendered to the patient. (Mental Hygiene Law § 43.03.) The parent of a recipient of public assistance or care of a person liable to become in need thereof is responsible for the support of such child under the age of 21 years. (Social Services Law § 101.)

The court notes that there is no exception provided in these statutes, where the situation involves a disabled child, which would mandate support by a parent of a child over the age of 21 even though mentally or physically handicapped.

It is further noted that Laws of 1966 (ch 256) specifically amends section 101 of the Social Services Law and sections 413 and 415 of the Family Court Act and eliminated the legal responsibility of a parent for the financial support of an adult child upon reaching the age of 21, regardless of any mental or physical disability. The accompanying Governor's memorandum clearly set forth that the purpose of the legislation was to eliminate the financial responsibility of a parent for a disabled adult child who reaches the age of 21 years.

Defendant wife's contention, that the question of support would never have arisen were it not for the plaintiff husband instituting the underlying matrimonial matter, is probably correct. However, that is not of any legal consequence, as the issue is not the moral obligations of the parents, but now that a matrimonial action has been commenced and the adult child of the marriage has attained the age of 21 years, what are the legal obligations of the parents.

Thus, the court is constrained to hold that defendant's position of extended support for Debra has no legal basis. The Domestic Relations Law, Family Court Act, Mental Hygiene Law and Social Services Law unequivocally declare that a parent's obligation to support their child ceases at the child reaching the age of 21. In fact, Family Court Act § 415 deals directly with the handicapped and states in no uncertain terms that a parent is responsible only for a child under majority age. In support of the statutes, one need only look to the intent of the legislators, which express purpose is to limit the financial responsibility of a parent for an adult child and put the burden on the State. Thus, absent an agreement to the contrary, there is no statutory authority to compel a parent to provide financial support to a physically or mentally disabled adult child over the age of 21 years.

Accordingly, defendant's application for an order extending plaintiff's obligation to pay child support for Debra, having attained the age of 21, is denied.

The moving papers clearly set forth that the parties and their family's love for Debra is special. Thus, toward this end, the court schedules a conference on the remaining issues in this matter for March 30, 1989 at 9:30 A.M.