■ ARTHUR E. EMERY, Appellant, v MARY EMERY, Respondent.—Levine, J. Appeal from an order of the Supreme Court (White, J.), entered May 16, 1989 in Montgomery County, which granted defendant's motion for, *inter alia,* the enforcement of a clause in the parties' separation agreement providing for her support.

Plaintiff and defendant were divorced in July 1975, pursuant to a judgment of divorce entered in Schenectady County. Said judgment incorporated the parties' 1973 separation agreement, which provides in pertinent part that, upon defendant's retirement, plaintiff will "make periodic payments to [defendant] of an amount equal to his own net retirement income * * * minus [defendant's] net retirement income".

Following defendant's retirement in July 1988, she made various requests to plaintiff that he provide her with information regarding his retirement income. Plaintiff failed to comply with these requests, and in October 1988, commenced an action in Supreme Court, Montgomery County, seeking to set aside the parties' separation agreement upon the grounds that, *inter alia,* it was unfair and unconscionable. Defendant then moved to dismiss plaintiff's action upon the ground that it was barred by the Statute of Limitations and the motion was granted.

Thereafter, plaintiff failed to make the payments required under the separation agreement and defendant made a motion

to enforce the agreement, using the caption and index number of plaintiff's prior action. Plaintiff opposed the motion by raising various objections, including that defendant's motion was procedurally improper and that the separation agreement is ambiguous, void and unenforceable.

Supreme Court then granted defendant's motion and awarded her judgment in the amount of $1,782, purportedly representing one half of the difference between the parties' net monthly retirement incomes for the 11-month period between July 1, 1988, the date of defendant's retirement, and the date of its order. Supreme Court also awarded defendant counsel fees in the amount of $350. This appeal by plaintiff ensued.

Plaintiff's initial contention is that Supreme Court erred in treating defendant's motion as having been made in the parties' prior divorce action. We disagree. Although defendant's enforcement motion should have been brought in Schenectady County within the context of the parties' 1975 matrimonial action (see, Domestic Relations Law § 244), we conclude, as did Supreme Court, that dismissal of defendant's motion would have served no useful purpose, since it could have readily been renewed within the appropriate action. Accordingly, Supreme Court properly exercised its discretion in disregarding the procedural defect and deciding defendant's motion (see, CPLR 2001).

With respect to the terms of the parties' separation agreement, plaintiff and defendant both claim that the provisions requiring plaintiff to make certain payments to defendant upon her retirement is ambiguous. However, defendant asserts in her affidavit that the parties intended to equalize their net retirement incomes and that the disputed provision should be construed as requiring plaintiff to pay one half of the difference between the parties' net monthly retirement incomes. Plaintiff, on the other hand, offers no countervailing explanation in his opposing affidavit as to the parties' intent, but argues that the ambiguity renders the provision meaningless or, alternatively, that it presents a question of fact to be resolved by a jury. While we agree that the provision at issue is ambiguous, plaintiff's failure to tender any extrinsic proof to resolve the ambiguity leaves only the interpretation presented in defendant's submission. Thus, there was no disputed issue of fact as to the parties' intent on the meaning of the provision, and Supreme Court correctly adopted the interpretation offered by defendant.

We turn next to plaintiff's contention that Supreme Court

erred in calculating the amounts payable by him by failing to attribute a lump-sum retirement annuity payment from the Teacher's Insurance Annuity Association—College Retirement Equities Fund (hereinafter TIAA-CREF) to defendant's monthly income. We agree. The retirement transition benefit (hereinafter RTB) received by defendant was a one-time payment equal to 10% of her total annuity accumulations, which resulted in increasing her income for the first year of retirement and which will operate to reduce her future income by 10% per month. Thus, the RTB is clearly income which should have been included in Supreme Court's calculations. However, rather than attributing the entire lump-sum payment to defendant initially, as urged by plaintiff, we conclude that the RTB already received by defendant should be added back into defendant's retirement income on a monthly basis.

Applying the foregoing analysis results in attributing defendant with TIAA-CREF monthly income of $428, rather than $385*. Adding $428 to defendant's other retirement income of $9.11, her resulting net monthly retirement income is approximately $437. In accordance with the parties' agreement, this amount should be subtracted from plaintiff's monthly income of $718 and the difference multiplied by one half to arrive at $140.50. Thus, plaintiff should be required to pay defendant $140.50 per month in order to equalize the parties' net retirement incomes.

Plaintiff's remaining points do not warrant extended discussion. We reject plaintiff's claim that Supreme Court improperly dismissed his defense of constructive fraud as being barred by the Statute of Limitations, since CPLR 203 (c) clearly indicates that the limitations periods contained in CPLR article 2 apply to defenses. Finally, we disagree with plaintiff's contention that defendant is not entitled to counsel fees. Pursuant to Domestic Relations Law § 238, counsel fees may be awarded "[i]n any action or proceeding to compel the payment of any sum of money required to be paid by a judgment or order entered in an action for divorce".

Order modified, on the law, without costs, by reducing the sum awarded defendant from $1,782 to $1,545.50, and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Levine and Harvey, JJ., concur.

■ In the Matter of ANDREW NANAA, Appellant, v CARL

---

* Had defendant not elected to receive the RTB, her monthly TIAA-CREF income would have been $428. Supreme Court determined defendant's monthly TIAA-CREF income to be roughly $385, which is only 90% of $428.