■ ANNETTE HEALY, Appellant, v THOMAS HEALY, Respondent.—Levine, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Burchell, J.H.O.), entered August 3, 1989 in Rockland County, which, *inter alia,* denied plaintiff's cross motion for counsel fees and sanctions.

In May 1987, plaintiff and defendant were divorced pursuant to a judgment which incorporated but did not merge the terms of the parties' earlier separation agreement. Nearly two years later, defendant moved, *inter alia,* to vacate and set aside the financial provisions of the judgment of divorce upon

the grounds that the separation agreement whose terms the decree incorporated was unconscionable and the product of fraud, duress and overreaching. Plaintiff opposed the motion and cross-moved for, *inter alia*, enforcement of the judgment of divorce, counsel fees in the amount of $1,500 and sanctions pursuant to 22 NYCRR part 130. Following a nonjury trial before a Judicial Hearing Officer, defendant's motion was denied, as was plaintiff's request for counsel fees and sanctions. Only plaintiff has appealed.

Plaintiff's primary contention on appeal is that Supreme Court erred in refusing to award her counsel fees pursuant to Domestic Relations Law § 237 (b). We disagree. The parties stipulated in article XXII (b) of their separation agreement that they would pay their own counsel fees in connection with the preparation and execution of the agreement, and that "[e]ach party shall be responsible to pay for any and all legal expenses incurred in connection with any matrimonial action heretofore or hereafter brought by either of the parties herein against the other". Although on this appeal plaintiff and defendant offer two different interpretations of the provision, neither party submitted any proof before Supreme Court as to its meaning. Thus, even if the provision contains an ambiguity, the failure of the parties to tender any extrinsic evidence in support of their respective interpretations leaves the resolution of any such ambiguity to the court to be determined as a matter of law *(see, Olson Enters. v Agway, Inc.,* 55 NY2d 659, 661; *Schuler-Haas Elec. Co. v Aetna Cas. & Sur. Co.,* 40 NY2d 883, 885). There is no reason not to apply the broad language of the provision foreclosing either party from recovering counsel fees "incurred *in connection* with *any* matrimonial action" (emphasis supplied). Since the counsel fees claimed in this case were clearly generated in connection with the parties' matrimonial action, we conclude that plaintiff is barred by her agreement with defendant from collecting those fees *(see, Clemens v Clemens,* 130 AD2d 455, 455-456).

We have examined plaintiff's remaining contention that sanctions should have been imposed against defendant and his counsel and find it to be without merit.

Order affirmed, without costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.