■ PATRICIA A. GRAY, Respondent-Appellant, v PAUL PASH-KOW, Appellant-Respondent.—Mercure, J. Cross appeals from an order of the Supreme Court (Torraca, J.), entered July 24, 1990 in Sullivan County, which, *inter alia,* denied defendant's cross motion for summary judgment dismissing the complaint.

The parties were married in 1958. Their only child, Peter, was born in June 1959 and at all relevant times has suffered from learning and other disabilities requiring specialized care and education. In March 1966, the parties obtained a Mexican divorce, the judgment incorporating but not merging therein the provisions of a separation agreement entered into by the parties on January 21, 1966. Plaintiff commenced this action in August 1989 seeking reimbursement of $133,016.87 which she expended for Peter's care and education during the period January 1, 1983 through July 31, 1989, claiming that these were expenses which defendant was obligated to pay under the terms of the parties' separation agreement. As is relevant to this appeal, the separation agreement relied upon by plaintiff provides as follows:

"WHEREAS, [Peter] is now attending The Bancroft School in Haddonfield, New Jersey, and has been at said school for some time and [defendant] is defraying all the costs for the care, maintenance, education and medical, dental and surgical treatments and requirements of [Peter], and

"WHEREAS, the parties desire * * * to define the financial obligations of [defendant] for the welfare, well being, education, maintenance and care of [Peter] * * *

"THIRTEENTH:

"(a) [Defendant] covenants and agrees to defray the entire cost for the care, maintenance, education and medical, dental and surgical requirements for [Peter] * * *.

"(b) [Defendant] covenants and agrees to pay the tuition and incidental expenses of [Peter] while he is attending the Bancroft School at Haddonfield, New Jersey, or any other school that may be suitable for [him]."

Defendant asserted as affirmative defenses, *inter alia,* that he had no obligation to support Peter beyond the age of 21 years. The parties cross-appeal Supreme Court's denial of defendant's cross motion for summary judgment dismissing the complaint.* Because we agree with defendant's contention

---

* Plaintiff has abandoned her appeal from Supreme Court's order denying her motion to compel discovery of a nonparty and apparently appeals Supreme Court's order denying defendant's cross motion for summary

that he is not contractually obligated to support Peter beyond his 21st birthday, we conclude that defendant's cross motion should have been granted.

We begin our analysis with the proposition that, in the absence of a provision to the contrary, liability for payment of child support under the terms of a separation agreement will cease upon the child reaching majority *(see, Surlak v Surlak,* 95 AD2d 371, 376-377). Moreover, while a parent may by agreement obligate himself or herself to pay child support for a child over the age of 21 *(see, Hirsch v Hirsch,* 142 AD2d 138; *Streuli v Streuli,* 60 AD2d 829), only "an express agreement in unmistakable terms" will cause such contractual liability to attach *(Hoffman v Hoffman,* 122 AD2d 583, 584, *lv dismissed* 69 NY2d 706). Here, the separation agreement is silent on the issue of whether child support was to terminate when Peter attained majority and, while certain of its language is suggestive of an intent that the obligation continue thereafter, the conclusion is by no means "unmistakable" *(see, supra).*

We recognize that, while there is now no statutory or common-law authority for compelling support of a child beyond majority *(see,* Domestic Relations Law § 32 [3]; Family Ct Act § 413 [1]; *Bani-Esraili v Lerman,* 69 NY2d 807, 808), even if the child is disabled *(see,* Social Services Law § 101 [1]; *Beiter v Beiter,* 142 Misc 2d 954), at the time the parties entered into their agreement there was at least discretionary authority to compel a parent to provide for the support of a physically or mentally disabled child beyond majority *(see,* Family Ct Act former § 443 [b] [deleted eff Apr. 30, 1966 by L 1966, ch 256, §§ 48, 59]). However, the contract is rendered no less ambiguous by consideration of the law in effect at the time of its formation and, since the parties have failed to tender any extrinsic evidence in support of their respective interpretations, resolution of the ambiguity is for this court as a matter of law *(see, Healy v Healy,* 167 AD2d 687; *see also, Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285, 290-291; *Emery v Emery,* 166 AD2d 787). In the absence of any express indication that the support obligation was to continue beyond Peter's 21st birthday, and plaintiff having failed to come forward with any competent evidence of the parties' intent in this regard, we are constrained to interpret the agreement in defendant's favor *(see, Zuckerman v City of New York,* 49 NY2d 557, 562).

---

judgment upon the ground that Supreme Court should have granted summary judgment in her favor pursuant to CPLR 3212 (b).

We also reject plaintiff's reliance upon *Surlak v Surlak (supra)*. There, the court dealt with a separation agreement providing for payment of unallocated monthly alimony and child support, which it specifically contrasted to "a specific allocation for child support [which] will generally be interpreted to cease in its operation upon the child[] reaching majority, unless the agreement explicitly provides otherwise" *(supra,* at 376). Finally, in the absence of an explicit agreement to provide support beyond Peter's majority, the doctrine of ratification has no application *(see, Leasing Serv. Corp. v Vita Italian Rest.,* 171 AD2d 926, 927-928).

Order modified, on the law, with costs, by reversing so much thereof as denied the cross motion; cross motion granted, summary judgment awarded to defendant and complaint dismissed; and, as so modified, affirmed. Casey, J. P., Mercure and Crew III, JJ., concur.

Mikoll and Yesawich, Jr., JJ., dissent and vote to modify in a memorandum by Mikoll, J. Mikoll, J. (dissenting). We respectfully dissent.

Defendant urges on appeal that the terms of the separation agreement fail to obligate him to support his mentally incapacitated son after 21 years of age and that it follows, as a matter of law, that no such obligation was created, entitling him to summary judgment. The separation agreement explicitly obligates defendant "to pay the tuition and incidental expenses of [Peter] *while* he is attending the Bancroft School at Haddonfield, New Jersey, or any other school that may be suitable for [him]" (emphasis supplied). Contrary to the majority's contention, we do not believe that the absence of a time limitation creates any ambiguity in this clear language. Accordingly, as the parties' child is still in school, defendant is responsible for the related tuition and expenses.

Moreover, even were we to conclude that the above-quoted provision was ambiguous, we would hold no differently. Defendant urges that the ambiguity is to be resolved by the present statutory framework which imposes no obligation on parents to support their children past majority even if the child is handicapped. We note that the parental obligation was somewhat different in 1966 when the agreement was reached. A parent could be compelled to support his child beyond 21 years of age upon a showing of unusual circumstances. "Unusual circumstances" referred to mentally disabled persons or those likely to become public charges *(see,* Social Services Law former § 101, as amended by L 1966, ch 256, § 18). Resolving

the ambiguity in terms of the statutory obligations of parents extant in 1966, it is logical to conclude that the parties would assume that the support obligation of the disabled son would continue beyond his majority. We conclude that the parties' failure to limit the support to 21 years of age indicates that the support obligation was for an indefinite period.

Finally, we note that defendant's payment of Peter's schooling for a considerable period beyond his son's attaining majority is consistent with his obligation to provide Peter with a special education for an indefinite period and reflects defendant's understanding of his obligation. On this record defendant is not entitled to summary judgment. We would therefore modify Supreme Court's order by granting plaintiff summary judgment and remit for a calculation of the amount due.