■ In the Matter of MARY C. SETFORD, Respondent, v JOSEPH K. CAVANAGH, Appellant.—Order unanimously reversed on the law without costs and matter remitted to Oneida County Family Court for further proceedings, in accordance with the following Memorandum: In the absence of an agreement obliging respondent father to provide for the educational support of his children beyond their twenty-first birthday, Family Court erred in directing respondent to contribute to the private college education expense of his two sons beyond the date of their twenty-first birthdays (see, Breslaw v Breslaw, 156 AD2d 627, 628; Morrissey v Morrissey, 153 AD2d 609, 612; Hirsch v Hirsch, 142 AD2d 138; Hoffman v Hoffman, 122 AD2d 583, 584, lv dismissed 69 NY2d 706). The court further erred in concluding that respondent was obligated for those educational expenses incurred prior to the children's twenty-first birthdays without making a finding that "special circumstances" warranted the imposition of such an obligation (see, Samuels v Venegas, 126 AD2d 145, lv dismissed 70 NY2d 692; Hoffman v Hoffman, 122 AD2d 583, supra, modfg on other grounds 130 Misc 2d 701; Kaplan v Wallshein, 57 AD2d 828) and in directing him to reimburse petitioner for educational expenses incurred prior to the date of filing of the instant petition (see, Family Ct Act § 449; Matter of Aiken v Aiken, 115 AD2d 919; Matter of Hackett v Haynes, 70 AD2d 1051).

Respondent concedes that the record is sufficient to permit this Court to make its own findings, and insofar as the issue of "special circumstances" is concerned, we conclude that petitioner demonstrated that such circumstances exist. Respondent graduated from a private college. Petitioner is a registered nurse, which suggests the successful completion of some post-secondary education. Both children have achieved very good academic records at their respective colleges, and respondent testified that he had no objection to the colleges selected by either son. Further, the record supports Family Court's determination that respondent has the financial ability to contribute to his children's education. We cannot determine from the record the amount of educational expense that should be allocated from the date of the petition (February 20, 1990) to the date each child reached twenty-one years of age. Accordingly, we remit the matter to Family Court for further proceedings and a determination, consistent with this decision, of respondent's obligation to provide for the educational support of his sons. (Appeal from Order of Oneida County Family Court, Flemma, J.—Child Support-College Expense.) Present—Denman, J. P., Boomer, Balio, Lawton and Davis, JJ.