OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and defendant’s cross motion for summary judgment denied.
The parties were married in 1958 and their son, Peter, was born in 1959. He suffers from the learning and developmental disability of autism, for which he has had special education and care. The plaintiff mother and defendant father were divorced in 1966. The judgment incorporated their separation agreement of that year, which provided in pertinent part:
"whereas, [Peter] is now attending The Bancroft School in Haddonfield, New Jersey, and has been at said school for some time and [defendant] is defraying all the costs for the care, maintenance, education and medical, dental and surgical treatments and requirements of [Peter], and "whereas, the parties desire * * * to define the financial obligations of [defendant] for the welfare, well being, education, maintenance and care of [Peter] * * *
"thirteenth: (a) [Defendant] covenants and agrees to defray the entire cost for the care, maintenance, education and medical, dental and surgical requirements for [Peter] * * *. (b) [Defendant] covenants and agrees to pay the tuition and incidental expenses of [Peter] while he is attending The Bancroft School at Haddonfield, New Jersey, or any other school that may be suitable for [him].”
*932 Defendant father made payments in accordance with this agreement until 1982. Thereafter, plaintiff mother paid the costs of Peter’s education and care. She sued defendant in 1989 seeking reimbursement of $133,016.87 she paid on behalf of their son for education and care from January 1, 1983 through July 31, 1989, claiming that defendant father was obligated to continue the payments pursuant to their agreement. Defendant asserted as an affirmative defense, inter alia, that he had no obligation to support Peter beyond the age of 21 years.
Supreme Court, Sullivan County, inter alia, denied defendant’s cross motion for summary judgment dismissing the complaint. The Appellate Division on cross appeals modified the Supreme Court order to the extent of granting defendant’s cross motion for summary judgment dismissing the complaint. The court held essentially that the parties’ written contract did not expressly indicate that defendant’s support obligation was to continue beyond their child reaching age 21, and resolved the contract ambiguity in defendant’s favor (173 AD2d 1100). The court reasoned that "while * * * parent[s] may by agreement obligate [themselves] to pay child support for a child over the age of 21 * * * only 'an express agreement in unmistakable terms’ will cause such contractual liability to attach (Hoffman v Hoffman, 122 AD2d 583, 584, lv dismissed 69 NY2d 706)” (173 AD2d 1100, 1101, supra). Two Justices dissented and an appeal as of right was taken.
Irrespective of statutory child support obligations and changes in the law in that respect, this is a case involving a contractual obligation governed by ordinary contractual principles (see, Matter of Meccico v Meccico, 76 NY2d 822). Under those principles, the fact that an agreement is ambiguous does not result in a grant of summary judgment in either party’s favor. In this case, ambiguities incapable of resolution on a motion for summary judgment were created by the words used in the pertinent contractual provision describing: the subject of coverage — "child” and "infant”; the duration of the obligation — "while”; and the location and nature of the special education services — "school” or "suitable” substitute. Defendant is not entitled to summary judgment in the face of these ambiguities.
*933 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
Order reversed, etc.