OPINION OF THE COURT
Daniel F. Luciano, J.
In this conservatorship proceeding the conservator, Shirley Catano, seeks to have real property owned by the conservatee, Margarita Lopez, and the money on deposit in three identified *1022 bank accounts transferred into a trust for the benefit of Maria Santa Maria, who is the disabled daughter of the conservatee.
Presently, the conservatee, Margarita Lopez, resides at the Kings Park Psychiatric Center, Kings Park, New York. Her daughter, Maria Santa Maria, who is confined to a wheelchair as a consequence of having suffered from polio, and who is a recipient of Medicaid and SSI benefits, presently resides at the residence owned by the conservatee, Margarita Lopez. Ivonia Santa Maria, another of the conservatee’s, Margarita Lopez, children, resides with and cares for Maria Santa Maria at the said residence.
The testimony at the hearing before the court established that prior to her hospitalization the conservatee, Margarita Lopez, rendered care and financial support to her disabled daughter, Maria Santa Maria. The record further supports the conclusion that because Maria Santa Maria has no apparent prospect of ever having the capability of caring for herself it is the consensus of the family that she be able to continue to reside at the subject residence and receive the care and support from which she has heretofore benefited.
There is, moreover, no indication of any reasonable probability that the conservatee, Margarita Lopez, who suffers from schizophrenia, is likely to enjoy a recovery which would allow her to resume residence at the subject premises.
The court concludes that the proposed plan is not adverse to the interests of the conservatee, Margarita Lopez, and is not inconsistent with applicable law.
The first legal consideration is whether such a transfer of assets would render the conservatee, Margarita Lopez, ineligible for medical assistance to pay for her institutional care.
The general principle set forth in Social Services Law § 366 (5) (a) is: "In determining the initial or continuing eligibility of any person for assistance under this title, there shall be included in the amount of resources considered available to such person the uncompensated value of any resource transferred prior to the date of application for medical assistance as specified in this subdivision.”
The applicable exception is set forth in Social Services Law § 366 (5) (c) which provides:
"For transfers made on or after October first, nineteen hundred eighty-nine * * *
"(3) any transfer of a resource by a person or such person’s spouse for less than fair market value made within or after *1023 the thirty months immediately preceding the date the person becomes an institutionalized person or the date of application for medical assistance while an institutionalized person, if later, shall render the person ineligible for nursing facility services for a period specified in subparagraph four of this paragraph; however, an institutionalized person shall not be ineligible for nursing facility services solely by reason of any such transfer to the extent that * * *
"(ii) the resource was transferred to or for the sole benefit of such person’s spouse, or from such person’s spouse to or for the sole benefit of such person, or to his or her child who is certified blind or certified permanently and totally disabled.” (Emphasis added.)
Accordingly, from the viewpoint of the "grantor”, the conservatee, Margarita Lopez, the transfer of the subject property into a trust for the benefit of her daughter, Maria Santa Maria, will have no adverse legal effects warranting denial of the application.
As noted above, Maria Santa Maria is a recipient of Medicaid and SSI. Approval of the transfer of assets to create the proposed trust, therefore, should not be given without consideration of whether such transfer might adversely affect her eligibility for such benefits.
Notwithstanding the disabilities from which her daughter, Maria Santa Maria, suffers, the conservatee’s, Margarita Lopez, legal obligation to support her daughter terminated when Maria Santa Maria reached her majority. (Beiter v Beiter, 142 Misc 2d 954.)
The absence of such a legal obligation to provide support permits the establishment of the proposed trust without an adverse consequential effect upon Maria Santa Maria’s continuing eligibility for Medicaid and SSI benefits. (See, Matter of Cangelosi, 155 Misc 2d 621; Vassiliou, The Case For Supplemental Needs Trusts, NYLJ, July 28, 1992, at 1, col 1.) And as noted by the author in The Case For Supplemental Needs Trusts (id, at 5, col 2) "[substantial SNTs [supplemental needs trusts] can purchase a Medicaid-exempt homestead or equip or modify an existing home to meet the special needs of its proposed occupant, thereby allowing a family to be re-united.” Thus, the instant proposal appears to have substantial benefits for Maria Santa Maria, without countervailing drawbacks.
The conservator, Shirley Catano, has agreed to serve as trustee.
*1024 The current situation, therefore, appears to be a case which is appropriate for the establishment of the trust which is proposed. The conservator, Shirley Catano, should accordingly be granted permission to transfer the subject real property and bank deposits to the proposed trust.
Other incidental issues have been resolved by the proposed order which has been signed herewith.