■ In the Matter of DEBORAH L. PALADINO, Appellant, v FRANK P. PALADINO, Respondent. [916 NYS2d 868]—

Appeal from an order of the Family Court, Onondaga County (Michael L. Hanuszczak, J.), entered April 6, 2010 in a proceeding pursuant to Family Court Act article 4. The order granted respondent's objection to the order of the Support Magistrate dated January 25, 2010.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Family Court properly granted respondent father's objection to the order of the Support Magistrate granting the petition seeking to modify a prior order of child support. The father objected to the order insofar as it directed the Support Collection Unit to recompute the father's child support arrears by adding back in the amount for which the father was credited between the date that the parties' daughter began living with petitioner mother and the date the petition was filed. As the court properly concluded, it "was only empowered to make its modification of the prior support order retroactive to the date of the filing of the . . . petition" (Matter of Aiken v Aiken, 115 AD2d 919, 920 [1985]; see Family Ct Act § 449 [2]). Further, "Family Court is a court of limited jurisdiction that cannot exercise powers beyond those granted to it by statute" (Matter of Johna M.S. v Russell E.S., 10 NY3d 364, 366 [2008]) or the State Constitution (see NY Const, art VI, § 13). The court therefore had no general equity jurisdiction and lacked authority to grant retroactive relief to the mother based upon equitable principles (see generally Matter of Brescia v Fitts, 56 NY2d 132, 139 [1982]). Present—Centra, J.P., Fahey, Lindley, Green and Martoche, JJ.