■ In the Matter of ALAN P., Appellant, v CHARLOTTE E., Respondent. [27 NYS3d 874]—

Order, Family Court, New York County (Mary E. Bednar, J.), entered on or about January 30, 2015, which denied petitioner's objections to an order, same court (Lewis A. Barofsky, Support Magistrate), entered on or about October 17, 2014, dismissing his petition for termination of his child support obligation, unanimously affirmed, without costs.

The parties' stipulation of settlement, incorporated but not merged into the judgment of divorce, provides that petitioner's child support obligation for his disabled child will continue until the occurrence of the earliest of three specified events: the child's care is completely covered by a government entitlement program, the child's marriage, or the child's death. Applying ordinary principles of contract interpretation, we find that the stipulation unambiguously expresses the parties' agreement that petitioner's child support obligation will continue until the child's death, unless one of the other two events occurs first, without regard to her reaching the age of majority (*see Gray v Pashkow*, 79 NY2d 930, 932 [1992]; *Streuli v Streuli*, 60 AD2d 829 [1st Dept 1978]). Concur—Acosta, J.P., Renwick, Manzanet-Daniels, Kapnick and Webber, JJ.