In re Linda J. BARNES.

No. 04–03–00494–CV.

Court of Appeals of Texas, San Antonio.

Dec. 31, 2003.

Amy Geistweidt, Higdon, Hardy & Zuflacht, L.L.P., San Antonio, for appellant.

Rex Emerson, Danford, Emerson & Maguire, P.L.L.C., Kerrville, for appellee.

Pamela Rae King, Kerrville, Guardian Ad Litem for the Child.

Sitting: CATHERINE STONE, Justice, PAUL W. GREEN, Justice, KAREN ANGELINI, Justice.

## OPINION

Opinion by PAUL W. GREEN, Justice.

Relator Linda J. Barnes filed a petition for writ of mandamus challenging the trial court's assumption of subject matter and personal jurisdiction in this child custody dispute. We conditionally grant the writ.

### Background

Robert and Linda Barnes were a married couple living in Virginia when both were deployed on military duty. From his birth in May 2001 to sometime in October 2002, their son A.J. lived with them in Virginia. By agreement, the Barneses executed a power of attorney for Linda's mother, Patti Jayne Traynor, to take custody of A.J. while they were deployed. Traynor lives in Utah and A.J. lived with her there beginning sometime in October 2002.

In early 2003, Robert Barnes separated from the military and returned to his hometown of Kerrville, Texas. On April 1, 2003, Robert Barnes filed for divorce in Kerr County. On April 2, the Kerr County district court issued an ex parte order for a writ of attachment for A.J. to be produced in court on April 16 for a custody hearing. Robert Barnes attempted to serve Linda Barnes with the petition for divorce but was unsuccessful. Traynor refused to comply with the writ and on April 16, the writ of attachment was extended indefinitely.

In the meantime, on April 8, Traynor filed for custody of A.J. in Utah. The Utah court issued a temporary restraining order on April 10 prohibiting Robert Barnes from taking custody of A.J. until a hearing could be held. On April 28, the Utah court held a hearing and ordered that the Texas writ would be given full faith and credit. When Linda Barnes appeared for the hearing, Robert Barnes served her with the Texas petition for divorce. Traynor then withdrew her petition for custody. Linda Barnes filed a petition for divorce in Utah on April 30, 2003. On May 16, the Texas court held a hearing and issued temporary orders, impliedly denying Linda Barnes's special appearance and motion to

dismiss the custody issues for lack of jurisdiction.

### Standard for Mandamus Review

Mandamus issues only to correct a clear abuse of discretion or a violation of a duty imposed by law when there is no other adequate remedy at law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992). The trial court abuses its discretion when it fails to properly apply the law to the undisputed facts, when it acts arbitrarily or unreasonably, or when its ruling is based on factual assertions unsupported by the record. *Microsoft Corp. v. Manning*, 914 S.W.2d 602, 607 (Tex.App.-Texarkana 1995, writ dism'd). Mandamus is generally proper if a trial court issues an order beyond its jurisdiction. *See In re Southwestern Bell*, 35 S.W.3d 602, 605 (Tex. 2000); *In re Dickason*, 987 S.W.2d 570, 571 (Tex.1998). Texas courts have recognized that because of the special interests involved in custody cases and the lack of appeal for temporary orders, mandamus is proper to review the trial court's improper assumption of jurisdiction in such matters. *See Little v. Daggett*, 858 S.W.2d 368, 369 (Tex.1993); *In re Powers*, 974 S.W.2d 867, 869 (Tex.App.-Houston [14th Dist.] 1998, orig. proceeding).

With respect to resolution of factual matters committed to the discretion of the trial court, we may not substitute our judgment for that of the trial court. *See Walker*, 827 S.W.2d at 839–40. However, the trial court has no discretion in determining what the law is or applying the law to the facts of the case. *Id.* at 840. Subject matter jurisdiction is a question of law which we review *de novo*. *See In re Oates*, 104 S.W.3d 571, 575 (Tex.App.-El Paso 2003, orig. proceeding) (citing *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex.1998)).

### Analysis

Linda Barnes raises two issues of jurisdiction: (1) subject matter jurisdiction over the custody dispute; and (2) personal jurisdiction over the person of Linda Barnes. "Subject matter jurisdiction exists when the nature of the case falls within a general category of cases the court is empowered, under applicable statutory and constitutional provisions, to adjudicate." *McGuire v. McGuire*, 18 S.W.3d 801, 804 (Tex.App.-El Paso 2000, no pet.). Subject matter jurisdiction over custody issues in Texas is governed by the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA). TEX. FAM. CODE. ANN. § 152.001 *et seq.* (Vernon 2002). "To acquire jurisdiction over custody issues, no connection between the nonresident parent and the state is required." *In the Interest of S.A. V.*, 837 S.W.2d 80, 84 (Tex.1992). Rather, we focus on whether Texas has become the child's "home state." *See id.* Under the UCCJEA, a custody determination may be made by a state that has no jurisdiction to render a personal judgment against the nonresident parent. *Id.* Subject matter jurisdiction is never presumed and cannot be waived. *McGuire*, 18 S.W.3d at 804.

Personal jurisdiction over a party requires a showing that the state longarm statute authorizes the exercise of jurisdiction and that exercise of that jurisdiction is consistent with federal and state guarantees of due process because the party has purposefully established "minimum contacts" with the state. *See Interest of S.A. V.*, 837 S.W.2d at 85. Personal jurisdiction may be waived if it is not properly contested. *Id.; Abderholden v. Morizot*, 856 S.W.2d 829, 832 (Tex.App.-Austin 1993, no writ).

### A. Jurisdiction for Custody Issues

The Texas Family Code provides that a child's home state has primary juris-

diction for custody proceedings. *See* Tex. Fam.Code Ann. § 152.201(a) (Vernon 2002). A child's home state is "the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding." Tex. Fam.Code Ann. § 152.102(7) (Vernon 2002). Because Texas law prioritizes home state jurisdiction, a Texas court may make an initial custody determination *"only if"* Texas is the child's home state at the time the proceeding is filed or Texas was the child's home state within six months of the commencement of the proceeding and the child is absent but a parent or person acting as parent continues to reside in the state. *See* Tex. Fam.Code Ann. § 152.201(a)(1); *McGuire,* 18 S.W.3d at 805.

It is undisputed that A.J. has never lived in the state of Texas. A.J. lived with his parents in Virginia from May 1, 2001 to October 2002. Robert Barnes filed his child custody proceeding in Texas on April 1, 2003. At that time, A.J. had been living with his grandmother in Utah since October 1, 2002 or October 16, 2002.[2] That date is disputed. The trial court must have, by implication, found that the date A.J. moved from Virginia to Utah was October 16, 2002; otherwise, Utah qualifies as the child's home state and the trial court could not have inquired further to find jurisdiction.[3] Texas has never been A. J.'s home state.

Because Texas cannot claim jurisdiction under section 152.201(a)(1), a Texas court may assert jurisdiction only if:

(2) a court of another state does not have jurisdiction under Subdivision (1), or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under Section 152.207 or 152.208,[4] and:

(A) the child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence; and

(B) substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships.

Tex. Fam.Code Ann. § 152.201(a)(2). This " 'significant connection' jurisdiction should only be employed when Texas is not the home state and it appears that no other state could assert home state jurisdiction." *In re Oates,* 104 S.W.3d at 578. If we accept the trial court's implied finding that neither Utah nor Virginia is qualified to take home state jurisdiction under section 152.201(a)(1), then we must inquire whether A.J. has "a significant connection with this state" and whether "substantial evidence is available in this state concerning the child." The record contains insufficient evidence to support either a finding

---

**2.** *See In re McCoy,* 52 S.W.3d 297, 305 (Tex. App.-Corpus Christi 2001, orig. proceeding) (operative date for determining Texas jurisdiction is the date the suit was filed in Texas).

**3.** Virginia is not A.J.'s home state because he did not live there immediately before the custody proceeding was filed.

**4.** Section 152.207 allows the Texas court to decline jurisdiction if it finds that another state is a more convenient forum. Section 152.208 allows the Texas court to decline jurisdiction if a person seeking jurisdiction in this state has engage in unjustifiable conduct in order to obtain jurisdiction. Neither provision is a method of sustaining jurisdiction in the Texas courts.

of significant connection or substantial evidence.[5] A.J. has never lived in this state; his only connection with Texas is that his father now resides here. Therefore, the trial court erred in taking jurisdiction over the custody dispute under section 152.201(a)(2).

A Texas court may also take initial jurisdiction if "all courts having jurisdiction under Subdivision (1) or (2) have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine custody of the child under Section 152.207 or 152.208;" or "no court of any other state would have jurisdiction under the criteria specified in Subdivision (1), (2), or (3)." TEX. FAM.CODE ANN. § 152.201(a)(3, 4). Robert Barnes argues that the Utah court has declined to exercise jurisdiction because the Utah court granted full faith and credit to the Texas writ. In its instructions to the parties regarding the language to be included in the Utah writ of assistance enforcing the Texas writ, the Utah court stated:

> Paragraph 2 [of the draft prepared by the attorneys] purports to suggest that this Court is making a finding that Robert Ray Barnes is awarded temporary custody of the minor child, [A.J.] Barnes. The Court has not made such a finding, but rather is merely, as required by the Constitution of the United States under the full faith and credit provisions, giving enforcement to what appears to be a properly issued Order from the state of Texas.

Based on the above language, it does not appear the Utah court made a decision to decline jurisdiction over the custody matter. Even if it has, Virginia is still a proper forum for the custody matters. Until both Virginia and Utah have declined jurisdiction in favor of Texas, Texas is not authorized to take jurisdiction over A. J.'s custody determination. *See* TEX. FAM.CODE ANN. § 152.201(a)(2, 3).

## B. Personal Jurisdiction over Linda Barnes

■ Linda Barnes preserved her right to assert lack of personal jurisdiction in the trial court by filing a special appearance. Under the Family Code, the Texas court may exercise jurisdiction over a nonresident respondent in a divorce proceeding if the petitioner "is a resident or domiciliary of this state at the time the suit for dissolution is filed," and:

> (1) this state is the last marital residence of the petitioner and the respondent and the suit is filed before the second anniversary of the date on which marital residence ended; or

> (2) there is any basis consistent with the constitutions of this state and the United States for the exercise of the personal jurisdiction.

TEX. FAM.CODE ANN. § 6.305 (Vernon 1998). There is no evidence in the record that Texas was ever the Barnses' marital residence, therefore, we turn to considerations of due process.

■ "Federal constitutional requirements of due process limit the power of the state to assert personal jurisdiction over a nonresident defendant" such as Linda Barnes. *Phillips v. Phillips*, 826 S.W.2d 746, 748 (Tex.App.-Houston [14th

---

**5.** Robert Barnes argues on appeal that his family members, who reside in Texas, will be able to provide evidence regarding A.J. We did not find nor did Robert Barnes cite to any evidence in the trial court record regarding what first-hand knowledge these unnamed witnesses might provide.

Dist.] 1992, no writ) (citing *Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.,* 815 S.W.2d 223, 226 (Tex. 1991)). The test for due process fairness is two pronged: "(1) whether the nonresident defendant has purposely established 'minimum contacts' with the forum state; and (2) if so, whether the exercise of jurisdiction comports with 'fair play and substantial justice.'" *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

Under the test set forth in *Burger King,* we first determine whether the relator "has had purposeful contacts with [Texas], thus invoking the benefits and protections of its laws." *Phillips,* 826 S.W.2d at 748. With the exception of a few visits to relatives during her marriage, there is no evidence that Linda Barnes had any physical presence in Texas. Robert Barnes argues that Linda's designation of Texas as her state of residence during her military service is sufficient minimum contact with the state. It is true that "as long as it creates a 'substantial connection' with the forum state, even a single act can support jurisdiction." *Id.* However, "a single act or occasional acts may be insufficient to establish jurisdiction if their nature and quality and the circumstances of their commission create only an attenuated connection with the forum, diminishing reasonable foreseeability of litigation in the forum." In *Phillips,* the Houston Fourteenth Court of Appeals held that the designation of a particular state as the state of residence during government service does not require a finding that the designated state is in fact the state of the party's residence for purposes of determining personal jurisdiction. *Id.* at 749. Whatever her motivation in designating Texas as her state of residence might have been, Linda Barnes never resided in this state, nor did she have any but the slightest contact with this state. Considering the nature and quality of Linda Barnes's contact with this state, the trial court abused its discretion in denying the special appearance and issuing temporary orders imposing personal obligations on Linda Barnes. *See Fox v. Fox,* 559 S.W.2d 407, 409–10 (Tex.Civ.App.-Austin 1977, no writ); *Risch v. Risch,* 395 S.W.2d 709, 713 (Tex.Civ.App.-Houston 1965, writ dismissed).

### *Conclusion*

The trial court may have jurisdiction under the Family Code to grant the divorce and to divide any community property within the state; neither party briefed this issue in the mandamus proceeding. However, the trial court had no personal jurisdiction over Linda Barnes to impose child support, division of property outside the state, or other decrees involving personal obligations. Further, the trial court had no subject matter jurisdiction over the custody issues involving A.J. We conditionally grant the writ of mandamus with respect to the temporary orders regarding custody, visitation, child support, property outside the state, or other personal obligations imposed on Linda Barnes. We expect that the trial court will modify its order within twenty days of our opinion. If the trial court fails to comply, we will issue the writ. All other relief requested by relator is denied.