Opinion filed April 24, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed April 24,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00288-CV 

                                                     __________

 

                              IN
THE INTEREST OF E.A.F., A CHILD

 

 



 

                                          On
Appeal from the 50th District Court

 

                                                          Baylor
County, Texas

 

                                              Trial
Court Cause No. 04-04-09964

 



 

                                             M E M O R A
N D U M   O P I N I O N

 

This
appeal arises from a child custody suit filed by the child=s alleged father.  The
trial court dismissed the suit based upon its determination that it did not
have personal jurisdiction over the child=s
mother.  The trial court additionally found that Texas is an inconvenient
forum.  We affirm.

                                                               Background
Facts








Appellant,
Thomas Ferrier, filed a petition to establish a parent-child relationship with
the child on April 14, 2004.  He also requested to be named as the sole
managing conservator of the child in the petition.  Appellant served the
petition on appellee, Vera Ann Hambrook, on October 28, 2004, in
Oklahoma.  Appellee responded to the petition by filing a special appearance on
November 18, 2004, wherein she alleged that she is not amenable to personal jurisdiction
in Texas.  See Tex. R. Civ. P.
120a.  She additionally asserted in her response that Texas is an
inconvenient forum for the custody proceeding.

The
trial court conducted a brief hearing on appellee=s
contentions on March 22, 2005.  The trial court ordered appellee to prepare an
affidavit in compliance with Tex. Fam.
Code Ann. ' 152.209
(Vernon Supp. 2007).  The trial court deferred ruling on the jurisdictional
matters until appellee submitted the affidavit.  In her affidavit, appellee
stated that she and the child had resided in Texas from the child=s birth in 2002 until April
10, 2004.  The trial court subsequently entered an order on May 10, 2005, that
granted appellee=s
special appearance by dismissing the case.  The trial court later entered a
modified order on July 7, 2005,  wherein it additionally determined that Texas
is an inconvenient forum.

                                                                         Issues

Appellant
brings three issues on appeal.  In his first issue, appellant contends that the
trial court erred in finding that it did not have personal jurisdiction over
appellee.  Appellant asserts in his second issue that the trial court erred in
failing to find that Texas has Ahome
state@ jurisdiction in
the case.  Appellant attacks the trial court=s
determination that Texas is an inconvenient forum in his third issue.

                                                                        Analysis

Jurisdiction
over custody issues in Texas is governed by the Uniform Child Custody
Jurisdiction and Enforcement Act (UCCJEA).  Tex.
Fam. Code. Ann. ch. 152 (Vernon 2002 & Supp. 2007).  ATo acquire jurisdiction
over custody issues, no connection between the nonresident parent and the state
is required.@  In
the Interest of S.A.V., 837 S.W.2d 80, 84 (Tex. 1992).  Rather, we focus on
whether Texas has become the child=s
Ahome state.@  Section 152.201(a)(1); see
S.A.V., 837 S.W.2d at 84.  Under the UCCJEA, a custody determination may be
made by a state that has no jurisdiction to render a personal judgment against
the nonresident parent.  S.A.V., 837 S.W.2d at 84; In re Barnes,
127 S.W.3d 843, 846-47 (Tex. App.CSan
Antonio 2003, orig. proceeding).  Accordingly, the trial court=s determination that it did
not have personal jurisdiction over appellee is of no consequence in this child
custody proceeding.  We do not reach appellant=s
first issue because the question of personal jurisdiction is not necessary to
the final disposition of this appeal.  Tex.
R. App. P. 47.1.








A
child=s home state is Athe state in which a child
lived with a parent or a person acting as a parent for at least six consecutive
months immediately before the commencement of a child custody proceeding.@  Section 152.102(7). 
Because Texas law prioritizes home state jurisdiction, a Texas court may make
an initial custody determination A>only if= Texas is the child=s home state at the time
the proceeding is filed or Texas was the child=s
home state within six months of the commencement of the proceeding and the
child is absent but a parent or person acting as parent continues to reside in
the state.@  Barnes,
127 S.W.3d at 847; see Section 152.201(a)(1).

Appellee
acknowledged in her affidavit that Texas constituted the child=s home state from the date
of birth until four days prior to the filing of the underlying custody
proceeding.  The El Paso Court of Appeals addressed an analogous situation in In
re Calderon-Garza, 81 S.W.3d 899, 902-04 (Tex. App.CEl Paso 2002, orig. proceeding).  The child in
Calderon-Garza moved from Texas one day prior to the filing of the
custody proceeding.  The court concluded that, even though the child did not
reside in Texas on the date suit was filed, Texas constituted the child=s home state under the
UCCJEA because the child had resided in Texas for his entire life (less one
day) immediately prior to suit being filed.  

The
holding in Calderon-Garza is applicable to the facts in this case.  
With the exception of a four-day period immediately preceding the filing of the
suit, the child resided in Texas her entire life.  Her brief absence from the
state does not alter the fact that Texas was the child=s home state within six months prior to the
filing of the suit.  See Sections 152.102(7), 152.201(a)(1).
Furthermore, appellant continued to reside in the state after the child moved
to Oklahoma.  Accordingly, the trial court had jurisdiction under the UCCJEA to
adjudicate appellant=s
custody suit.  Appellant=s
second issue is sustained.








Our
determination that Texas has home state jurisdiction under the UCCJEA is not
dispositive of this appeal in light of the trial court=s additional determination that Texas is an
inconvenient forum.  The Act provides that A[a]
court of this state which has jurisdiction under this chapter to make a child
custody determination may decline to exercise its jurisdiction at any time if
it determines that it is an inconvenient forum under the circumstances and that
a court of another state is a more appropriate forum.@  Section 152.207(a).  A determination under
Section 152.207 is subject to the trial court=s
discretion because of the statute=s
use of the phrase Amay
decline to exercise its jurisdiction.@[1] 
A trial court abuses its discretion when it acts in an unreasonable or
arbitrary manner or when it acts without reference to any guiding principle. Downer
v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241‑42 (Tex. 1985).

Unlike
the Ahome state@ jurisdictional provisions,
Section 152.207 does not restrict the trial court to the date that the custody
case was filed in determining if Texas is an inconvenient forum.  This omission
is significant in this case because approximately fifteen months transpired
between the date the suit commenced and the date the trial court entered its
order determining that Texas is an inconvenient forum in deference to
Oklahoma.  The child and appellee resided in Oklahoma during this fifteen-month
period.  Section 152.207(b) lists several factors for the court in determining
if Texas is an inconvenient forum.  The length of time the child has resided
outside of Texas is one of these factors.  In the absence of any evidence
indicating that Oklahoma would not be an appropriate forum for resolving the
custody issues, we conclude that the trial court did not abuse its discretion
in deferring the exercise of its jurisdiction to the child=s new home state for the
preceding fifteen-month period.  Appellant=s
third issue is overruled.

                                                               This
Court=s Ruling

The
judgment of the trial court is affirmed.

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

April 24, 2008

Panel consists of: Wright, C.J.,

McCall, J., and Strange, J.









[1]Generally speaking, in the arena of forum non
conveniens, Texas courts have consistently applied an abuse of discretion
standard in evaluating a trial court=s
decision to decline jurisdiction. See, e.g., Couch v. Chevron Int'l Oil Co.,
672 S.W.2d 16 (Tex. App.CHouston [14th Dist.] 1984, writ ref=d n.r.e.).