

NUMBER 13-07-00373-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN THE INTEREST OF J.H., A MINOR CHILD

On appeal from the 404th District Court of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Benavides**
**Memorandum Opinion by Chief Justice Valdez**

Stewart Hall, appellant, appeals from a trial court's order dismissing his suit affecting the parent-child relationship for want of jurisdiction. In eight issues, which may be properly categorized as one, Stewart complains that the trial court erred in not asserting jurisdiction over his suit. We affirm.

### I. BACKGROUND

Stewart and Hsu Shih-Ching, also known as Rosemary Hall (hereinafter "Rosemary"), were married in 1994, and the couple has two minor children, I.H. and J.H.

J.H., who was born in 1994, is the only child involved in the underlying custody suit. He has resided in Taiwan for the majority of his life, except for a year-and-a-half that he spent with Stewart in Mexico. In 2002, the couple experienced marital difficulties and petitioned a Taiwanese district court for a custody order. The district court granted custody to Rosemary. Stewart appealed the order and was successful before the intermediate appellate court. The Taiwanese Supreme Court, however, reversed the appellate court's decision and reinstated the district court's order in an opinion issued on July 17, 2003.[1]

On September 13, 2003, Stewart filed a suit affecting the parent-child relationship in a district court in Cameron County, Texas. In his original petition, Stewart acknowledged that a Taiwanese court had issued custody orders, but he argued his suit in Texas was justified because the Taiwanese court had not issued visitation orders. Rosemary initially answered with a general denial, but she later filed a "Motion to Withdraw Respondent's Original Answer and Accept Respondent's Special Appearance, Plea to the Jurisdiction, [and] Request for Court to Decline Jurisdiction." Rosemary attached an opinion by the Taiwanese Supreme Court, which she argued, established that Stewart's custody issues had already been fully litigated in a Taiwanese court and that a Taiwanese court was the appropriate forum for Stewart's suit. Stewart objected to Rosemary's special appearance by arguing that Rosemary violated the due order of pleadings rule by filing an original answer, and therefore, she submitted to jurisdiction in Texas.

On March 19, 2007, the trial court granted Rosemary's motion and dismissed Stewart's suit for want of jurisdiction; it also issued findings of fact and conclusions of law. The trial court concluded in relevant part that:

---

[1] The aforementioned family background is taken from an English translation of an opinion that was issued by the Taiwanese Supreme Court. *See Hsu Shih-Ching v. Hall*, 2003 Clerk's Record 25-29 (Zuigao Fayuan, July 17, 2003).

5.     A Court of this state which has jurisdiction under this chapter to make a child custody determination may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum. The issue of inconvenient forum may be raised upon motion of a party, the Court's own motion, or request of another court. FAM [TEX. FAM. CODE ANN.] § 152.207[.]

6.     This Court determines that the Petitioner Stewart Hall had exhausted his remedies in the Supreme Court of Taiwan. The courts of Taiwan, Republic of China are a more appropriate forum for any issues of visitation by the Petitioner. Texas is an inconvenient forum for this case.

This appeal ensued.

## II. DISCUSSION

By his sole issue, Stewart contends that the trial court erred in dismissing his suit because Rosemary submitted to jurisdiction in Texas by filing an original answer. The thrust of Stewart's argument sounds in personal jurisdiction. *See* TEX. R. CIV. P. 120a. However, Rosemary also filed a plea to the jurisdiction that challenged the trial court's subject-matter jurisdiction by arguing that J.H. has lived in Taiwan most of his life, that Texas is an inconvenient forum because J.H. is use to living in Taiwan, and that Taiwan is the appropriate forum because custody has already been fully litigated there. *See Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638-39 (Tex. 1999) (providing that a party may challenge a court's subject matter jurisdiction by filing a plea to the jurisdiction).

Rosemary's plea to the jurisdiction challenges the existence of jurisdictional facts; therefore, we must consider the relevant evidence to resolve the jurisdictional issue in the underlying suit.[2] *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004). We will review the findings of fact for legal and factual sufficiency, but the

---

[2] Our review of the relevant evidence is limited to the clerk's record because Stewart did not request the reporter's record. *See* TEX. R. APP. P. 34.6(b)(1) ("At or before the time for perfecting the appeal, the appellant must request that the official reporter prepare the reporter's record.").

conclusions of law will be reviewed de novo. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002).

The record contains an affidavit executed by Rosemary, which states in relevant part:

> I [Rosemary] have never resided in either Texas nor in any State of the United States of America. In addition, my son, J.H.[,] has never resided in either Texas nor in any other state of the United States. My son, J.H. has visited the United States, but never long enough to establish actual residency.

Stewart objected to portions of Rosemary's affidavit, but the record does not contain a ruling on his objections. Therefore, any compliant is waived. *See* Tex. R. App. P. 33.1. In its findings of fact, the trial court found that J.H. and Rosemary have never resided in Texas.

In light of the opinion by the Taiwanese Supreme Court, Stewart's petition is clearly a motion to modify a child custody determination of another court. *See* Tex. Fam. Code Ann. § 152.203 (Vernon 2002). A Texas court can only modify the child custody determination of another court if it has jurisdiction to make an initial determination. *Id*. A Texas court may make an initial child custody determination only if Texas "is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding . . . ." *Id*. § 152.201(a)(1) (Vernon 2002); *In re Barnes*, 127 S.W.3d 843, 847 (Tex. App.–San Antonio 2004, orig. proceeding). Rosemary averred, and the trial court found, that J.H. has never resided in Texas. Moreover, Stewart did not present any evidence that the Taiwanese courts have declined to exercise jurisdiction over J.H.'s custody, that they have determined that Texas is the appropriate forum, or that no court of any other state would have jurisdiction. *See* Tex. Fam. Code Ann. § 152.201(a)(2)-(4).

4

Thus, the record is devoid of any of the jurisdictional facts necessary to exercise jurisdiction under section 152.201 of the family code.  We hold that the trial court did not err in dismissing Stewart's suit, and we overrule Stewart's sole issue.

### III. CONCLUSION

The trial court's dismissal order is affirmed.

_____
ROGELIO VALDEZ
Chief Justice

Memorandum Opinion delivered and
filed this the 21st day of August, 2008.