



**OPINION**

No. 04-10-00010-CV

**IN THE INTEREST OF T.J.W**.

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 07-0554-CV
Honorable Gary L. Steel, Judge Presiding

Opinion by:    Phylis J. Speedlin, Justice

Sitting:    Karen Angelini, Justice
Phylis J. Speedlin, Justice
Rebecca Simmons, Justice

Delivered and Filed:  November 24, 2010

REVERSED AND RENDERED

Timothy Washington appeals the trial court's orders denying his special appearance and confirming an arrearage judgment against him.  Because we conclude the trial court erred in denying Washington's special appearance, we reverse the trial court's order and dismiss the underlying cause.[1]

**BACKGROUND**

Timothy Washington and Zina Shellman are the parents of T.J.W., who was born in Louisiana on February 28, 1991.  Washington and Shellman were never married.  Washington, who is in the military, has never resided in Texas.  Shellman moved to Texas with T.J.W. in

---

[1] Because Washington's third issue is dispositive of the appeal, we do not address any of the other issues raised in his brief.  *See* TEX. R. APP. P. 47.1.

2006. In March of 2007, Shellman filed a petition to adjudicate T.J.W.'s parentage and requested the court to enter an order for child support, including retroactive child support. Washington was served with process in July of 2008. After denying Washington's special appearance in September of 2008, the trial court signed an order confirming that Washington owed $25,000 in child support arrearages.

## DISCUSSION

In his third issue, Washington contends the trial court erred in denying his special appearance because the evidence did not show that he had sufficient minimum contacts with Texas to support the exercise of personal jurisdiction over him. Whether a court has personal jurisdiction over a defendant is a question of law. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002). However, the trial court frequently must resolve questions of fact before deciding the jurisdiction question. *Id*. When a trial court does not issue findings of fact and conclusions of law with its special appearance ruling, all facts necessary to support the judgment and supported by the evidence are implied. *Id*. at 795. When the appellate record includes the reporter's and clerk's records, these implied findings are not conclusive and may be challenged for legal and factual sufficiency in the appropriate appellate court. *Id*.

Federal constitutional requirements of due process limit the power of a state to assert personal jurisdiction over a nonresident defendant. *In re S.A.V.*, 837 S.W.2d 80, 85 (Tex. 1992); *In re Barnes*, 127 S.W.3d 843, 848-49 (Tex. App.—San Antonio 2003, orig. proceeding). To satisfy due process, the plaintiff must first show that the nonresident defendant has purposely established "minimum contacts" with the forum state. *In re S.A.V.*, 837 S.W.2d at 85; *In re Barnes*, 127 S.W.3d at 849. The plaintiff must then show that the assertion of jurisdiction

comports with fair play and substantial justice. *In re S.A.V.*, 837 S.W.2d at 85; *In re Barnes*, 127 S.W.3d at 849.

In order for a nonresident defendant to have purposely established "minimum contacts" with Texas, a substantial connection must exist between the nonresident defendant and Texas arising from action or conduct of the nonresident defendant purposefully directed toward Texas. *In re S.A.V.*, 837 S.W.2d at 85. The contacts between the nonresident defendant and Texas must be continuous and systematic. *Id*. This requires a showing of substantial activities by the nonresident defendant in Texas.[2] *Id*.

The evidence presented at the special appearance hearing established the following contacts between Washington and Texas. First, Washington contacted the military services in Texas on one occasion to request information as to whether T.J.W. was being mentally and physically abused, and the military services subsequently contacted child protective services. Second, Washington established a joint bank account in his and T.J.W.'s names at USAA Federal Savings Bank in Texas. Washington deposited money into the account which was spent by T.J.W. Third, Washington completed a form on two occasions that was faxed to Texas in order for T.J.W. to obtain a military ID card. Finally, Washington paid Shellman child support payments while Shellman was residing in Texas.

We initially note that a nonresident mailing checks in payment of an obligation to a person or company in Texas is not a sufficient contact to establish personal jurisdiction. *See U-Anchor Advertising, Inc. v. Burt*, 553 S.W.2d 760, 763 (Tex. 1977); *Alenia Spazio, S.p.A. v. Reid*,

---

[2] Although minimum contacts analysis has been refined into specific and general jurisdiction, we agree with Washington that only general jurisdiction applies in this case. When specific jurisdiction is asserted, the alleged injuries must arise out of or relate to the nonresident defendant's contacts with the forum state, and a substantial connection must exist between those contacts and the operative facts of the litigation. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985); *Spir Star AG v. Kimich*, 310 S.W.3d 868, 874 (Tex. 2010). Because Shellman has pled no injuries or cause of action related to or arising out of Washington's contacts with Texas, specific jurisdiction is inapplicable.

130 S.W.3d 201, 213 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). In addition, making deposits into a Texas bank account, if considered in isolation, has also been held insufficient to establish purposeful availment. *Haddad v. ISI Automation Intl., Inc.*, No. 04-09-00562-CV, 2010 WL 1708275, at *6 (Tex. App.—San Antonio Apr. 28, 2010, no pet.) (mem. op.). Moreover, faxing a form to Texas does not establish minimum contacts. *See Reid*, 130 S.W.3d at 213. Even when all of Washington's contacts are considered together, we hold that there are not sufficient purposeful, continuous, and systematic contacts between Washington and Texas to establish personal jurisdiction. *See In re S.A.V.*, 837 S.W.2d at 85. We note that several cases have held that visits by a nonresident father with a child in Texas were insufficient to establish personal jurisdiction. *See In re Henderson*, 982 S.W.2d 566, 567 (Tex. App.—Amarillo 1998, no pet.); *Cunningham v. Cunningham*, 719 S.W.2d 224, 228 (Tex. App.—Dallas 1986, writ dism'd); *Ford v. Durham*, 624 S.W.2d 737, 740 (Tex. App.—Fort Worth 1981, writ dism'd). The contacts by Washington in the instant case are far less substantial than the contacts in those cases. Because the evidence fails to establish a substantial connection between Washington and Texas arising from actions Washington purposefully directed toward Texas, the trial court erred in denying the special appearance.

CONCLUSION

The trial court's order denying Washington's special appearance is reversed, and the underlying cause is dismissed.

Phylis J. Speedlin, Justice