*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*





# MEMORANDUM OPINION

No. 04-10-00835-CV

**IN RE** Natalie **ZAVALA**

Original Mandamus Proceeding[1]

Opinion by:    Catherine Stone, Chief Justice

Sitting:        Catherine Stone, Chief Justice
               Sandee Bryan Marion, Justice
               Phylis J. Speedlin, Justice

Delivered and Filed:  December 22, 2010

PETITION FOR WRIT OF MANDAMUS GRANTED

On November 19, 2010, relator Natalie Zavala filed a petition for writ of mandamus, complaining of the trial court's September 25, 2009 order granting the final decree of divorce. Natalie contends the trial court lacked jurisdiction over the child N.Z., and, therefore, any provisions of the decree relating to the visitation with or custody of N.Z. are void. We agree and conditionally grant mandamus relief.

---

[1] This proceeding arises out of Cause No. 2009-CI-05638, *In the Matter of the Marriage of Jonathan Zavala and Natalie Zavala*, in the 73rd Judicial District Court, Bexar County, Texas, the Honorable Renée F. McElhaney presiding. However, the order complained of was signed by the Honorable Michael Peden, presiding judge of the 285th Judicial District Court, Bexar County, Texas. Additionally, after the petition for writ of mandamus was filed in this court, the Honorable John D. Gabriel, Jr., presiding judge of the 131st Judicial District Court, signed an order denying relator's Motion to Vacate Void Order on November 24, 2010.

**BACKGROUND**

The underlying suit is a divorce proceeding between relator Natalie Zavala and real party in interest Jonathan Zavala. On April 3, 2009, Jonathan filed an Original Petition for Divorce, in part seeking custody of Natalie and Jonathan's child N.Z. The original petition provided "[t]he child the subject of this suit resided in Texas for a period of more than six months as a result of the acts or directives of the nonresident person." Natalie's answer to the suit asserted the trial court did not have jurisdiction over N.Z. because the child had not resided in Texas for more than six months and because N.Z. had resided in Ohio since August of 2005. On September 25, 2009, the trial court entered a post-answer default judgment against Natalie, which in part awarded Jonathan physical custody of N.Z.[2]

On October 4, 2010, Natalie filed a "Motion to Vacate Void Order and Motion for Sanctions," requesting that the trial court set aside the July 24, 2009 temporary orders and the portions of the final decree of divorce affecting the visitation with or custody of N.Z. On November 24, 2010, in a written order Judge John D. Gabriel, Jr. denied Natalie's motion. Natalie now complains the trial court did not have jurisdiction over N.Z. to make any custody determinations, and, therefore, the default judgment entered with regard to the custody of N.Z. is void.

**ANALYSIS**

A petition for writ of mandamus is an appropriate means to require a trial court to vacate a void order arising out of an erroneous assertion of jurisdiction under the UCCJEA. *Powell v. Stover*, 165 S.W.3d 322, 324 (Tex. 2005) (orig. proceeding); *Geary v. Peavy*, 878 S.W.2d 602, 603 (Tex. 1994) (orig. proceeding). Subject matter jurisdiction is a question of law which we

---

[2] This is the third original proceeding the parties have filed in this court since the default judgment was taken. *See In re Zavala*, No. 04-10-00436-CV, 2010 WL 3418282 (Tex. App.—San Antonio Aug. 31, 2010, orig. proceeding); *In re Zavala*, No. 04-10-00229-CV, 2010 WL 1909546 (Tex. App.—San Antonio May 12, 2010, orig. proceeding).

review *de novo*. *In re Barnes*, 127 S.W.3d 843, 846 (Tex. App.—San Antonio 2003, orig. proceeding).

The Texas Family Code provides that a child's home state has primary jurisdiction over custody proceedings. *See* TEX. FAM. CODE § 152.201(a) (West 2008). A child's home state is "the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding." TEX. FAM. CODE § 152.102(7) (West 2008). Because Texas law prioritizes home state jurisdiction, a Texas court can make an initial custody determination only if Texas is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state. TEX. FAM. CODE § 152.201(a)(1).

Jonathan does not dispute that N.Z. has resided with her mother in Ohio since August of 2005. Jonathan did not file his child custody proceeding in Texas until April 3, 2009. Therefore, Texas is not the home state of N.Z. because N.Z. did not live in Texas with a parent or person acting as a parent for at least six consecutive months immediately before the commencement of the child custody proceeding.

Because Texas cannot claim jurisdiction under section 152.201(a)(1), a Texas court could have asserted jurisdiction only if a court of another state did not have home state jurisdiction or a court of the home state of the child had declined to exercise jurisdiction on the ground that this state is the more appropriate forum under Section 152.207 or 152.208, and the child and at least one of the child's parents has significant connections to Texas. *See* TEX. FAM. CODE § 152.201(a)(2). However, "[t]his 'significant connection' jurisdiction should only be employed

when Texas is not the home state and it appears that no other state could assert home state jurisdiction." *In re Barnes*, 127 S.W.3d at 848 (quoting *In re Oates*, 104 S.W.3d 571, 578 (Tex. App.—El Paso 2003, orig. proceeding)). Jonathan failed to establish Ohio does not have home state jurisdiction or that Ohio has declined to exercise jurisdiction on the ground that Texas is the more appropriate forum. As a result of the foregoing, we conclude the trial court did not have subject matter jurisdiction over the visitation or custody of N.Z.

## CONCLUSION

We conclude the trial court erred in asserting jurisdiction over the custody or visitation issues relating to N.Z.[3] Therefore, we CONDITIONALLY GRANT the petition for writ of mandamus, and order the trial court to withdraw the portions of the September 25, 2009 final divorce decree relating to the visitation with or custody of N.Z. The writ will issue only if the trial court fails to comply with this order within fourteen days.

Catherine Stone, Chief Justice

---

[3] Jonathan alleges several procedural defects in Natalie's petition. We have reviewed these alleged defects and conclude they do not alter the disposition of the case.