

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-26-00256-CV

**IN RE** Genevience Alexandrie **ANTHONY**

Original Proceeding[1]

PER CURIAM

Sitting:     Rebeca C. Martinez, Chief Justice
            Irene Rios, Justice
            Adrian A. Spears II, Justice

Delivered and Filed: April 29, 2026

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

Relator, Genevience Anthony, filed her petition for writ of mandamus on March 30, 2026, challenging the trial court's March 25, 2026 order denying her motion for special appearance, plea to the jurisdiction, and request for the court to decline jurisdiction in a suit affecting the parent child relationship governing the custody of K.L.T. ("Child"),[2] her child. Anthony filed an emergency motion for a stay of the underlying proceedings on March 31, 2026, which we granted

---

[1]This proceeding arises out of Cause No. 2025-CI-13424, styled *In the Interest of K.L.T., a Child*, pending in the 288th Judicial District Court, Bexar County, Texas, the Honorable Cynthia Marie Chapa presiding.

[2] The child subject to the underlying proceedings has been identified as K.G.T. in the petition for writ of mandamus although the underlying proceedings are styled as In the Interest of K.L.T., a Child. For clarity, we use "Child" in this opinion to describe the subject minor and feminine pronouns.

on April 1, 2026. We ordered the respondent and the real party in interest, K.L. Tappin, who is the child's father, to file their responses, if any by April 15, 2026. Tappin has filed his response.

## I.    BACKGROUND

Anthony and Tappin are the biological mother and father of Child. Child was born in Mississippi in 2016 where she has continuously resided with Anthony since birth. Anthony allegedly contacted the Mississippi Office of Attorney General regarding child support for the child. The Mississippi Office of Attorney General then contacted the Texas Office of Attorney General regarding the child support obligations. The Texas Attorney General then filed a suit in Bexar County District Court under the Uniform Interstate Family Support Act ("UIFSA"), Chapter 159, Texas Family Code, regarding Tappin's support obligations towards the Child.

On January 23, 2025, the 224th Judicial District Court of Bexar County held a UIFSA hearing regarding Tappin's support obligations. The court found that Tappin is the Child's father, owes a duty of support, imposed retroactive child support obligations, and set the amount of continuing child support obligations. On June 13, 2025, Tappin filed an original petition in suit affecting the parent-child relationship relating to Child in Bexar County district court in which he sought an order regarding the possession and conservatorship of Child ("SAPCR"). Anthony filed a special appearance, request for the court to decline jurisdiction, and original answer on August 25, 2026. On February 23, 2026, Tappin filed a motion to consolidate the SAPCR and the UIFSA. Anthony filed a brief in support of her request that the court decline jurisdiction over the SAPCR on March 5, 2026.

On March 9, 2026,[3] the trial court held a hearing on the pending motions. On March 23, 2026, the trial court issued an order granting the motion to consolidate and two days later issued a

---

[3] The reporter's record incorrectly identifies the hearing as having occurred on March 9, 2025. The mandamus record provided is clear that the date contained in the reporter's record is a typographical error.

separate order denying Anthony's special appearance and the request to decline jurisdiction. This petition for writ of mandamus ensued.

## II.    MANDAMUS STANDARD

Mandamus may issue only to correct a clear abuse of discretion or a violation of a duty imposed by law when there is no other adequate remedy at law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). "The trial court abuses its discretion when it fails to properly apply the law to the undisputed facts, when it acts arbitrarily or unreasonably, or when its ruling is based on factual assertions unsupported by the record." *In Re Barnes*, 127 S.W.3d 843, 846 (Tex. App.— San Antonio 2003, orig. proceeding). Mandamus is generally proper if a trial court issues an order beyond its jurisdiction. *See In re Southwestern Bell*, 35 S.W.3d 602, 605 (Tex. 2000). An aggrieved party lacks an adequate remedy at law when a trial court improperly assumes jurisdiction in custody cases because of the special interests involved and absence of an appellate remedy for temporary orders in such matters. *See Little v. Daggett*, 858 S.W.2d 368, 369 (Tex.1993); *In re Barnes*, 127 S.W.3d at 846.

Factual matters committed to the discretion of the trial court; we may not substitute our judgment for that of the trial court. *See Walker*, 827 S.W.2d at 839–40. However, the trial court has no discretion in determining what the law is or applying the law to the facts of the case. *Id.* at 840. "Subject matter jurisdiction is a question of law which we review de novo." *In re Barnes*, 127 S.W.3d at 846. Mandamus review is appropriate in child custody cases where there is a jurisdictional dispute. *See Powell v. Stover*, 165 S.W.3d 322, 324 (Tex. 2005) (orig. proceeding); *see also Geary v. Peavy*, 878 S.W.2d 602, 603 (Tex.1994) (orig. proceeding).

## III. ANALYSIS

### A. *Jurisdiction is Proper in Child's Home State Courts*

Texas adopted the Uniform Child Custody Jurisdiction and Enforcement Act in part to prioritize home state jurisdiction in child custody proceedings. *See* TEX. FAM. CODE §§ 152.101, *et seq.*; *see also In re Dean*, 393 S.W.3d 741, 743 (Tex. 2012). It provides the "exclusive jurisdictional basis for making a child custody determination by a court of this state." TEX. FAM. CODE § 152.201(b); *In re Dean*, 393 S.W.3d at 746. A Texas court has jurisdiction to make an initial child custody determination *only if*:

> (1) this state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state;
>
> (2) a court of another state does not have jurisdiction under Subdivision (1), or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under Section 152.207 or 152.208, and:
>
>> (A) the child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence; and
>>
>> (B) substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships;
>
> (3) all courts having jurisdiction under Subdivision (1) or (2) have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under Section 152.207 or 152.208; or
>
> (4) no court of any other state would have jurisdiction under the criteria specified in Subdivision (1), (2), or (3).

TEX. FAM. CODE § 152.201(a). The physical presence of, or personal jurisdiction over a party or a child is neither necessary nor sufficient to make a child custody determination. *Id.* at (c).

Section 152.201(a) is clear "that a child's home state has primary jurisdiction for custody proceedings." *In Re Barnes*, 127 S.W.3d at 846–47 (citing TEX. FAM. CODE § 152.201(a)). A child's home state is defined in pertinent part as "the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding." TEX. FAM. CODE § 152.102(7).

"[S]ubject matter jurisdiction refers to the court's power to hear a particular type of suit." *CSR Ltd. v. Link*, 925 S.W.2d 591, 594 (Tex. 1996). "Subject matter jurisdiction exists when the nature of the case falls within a general category of cases the court is empowered, under applicable statutory and constitutional provisions, to adjudicate." *In Re Barnes*, 127 S.W.3d at 846 (quoting *McGuire v. McGuire*, 18 S.W.3d 801, 804 (Tex. App.-El Paso 2000, no pet.)).

It is undisputed that Child was born in and has lived her entire life in Mississippi with Anthony, that she has never resided in Texas or any other state, that she has only travelled to Texas four or five times in her lifetime, and her visits to Texas have ordinarily lasted two to four weeks. Although no Mississippi court has yet to exercise jurisdiction, there can be no dispute whether the custody matter falls within the general category of cases that it would be empowered to hear. *See CSR Ltd.*, 925 S.W.2d at 594; *see also In re Barnes*, 127 S.W.3d at 846.

Tappin contends that the Bexar County District Court has jurisdiction pursuant to section 152.201(a)(2) because no Mississippi court has, to date, exercised jurisdiction over Child, and that Tappin and Child share significant connections with Texas. He further suggests that section 152.207 is an independent grant of jurisdictional authority to the trial court to consider the SAPCR. Both contentions misconstrue the initial jurisdictional determination.

The significant connection analysis under 152.201(a)(2) may be invoked "only if…a court of another state does not have [home state jurisdiction] under Subdivision (1), or a court of the

home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum…." TEX. FAM. CODE 152.201(a)(2); *see also In re Walker*, 428 S.W.3d 212, 219 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (holding that "[b]ecause Georgia has home state jurisdiction, a Texas court can assert jurisdiction only if 'a court of the home state of the child has declined to exercise jurisdiction on the ground that [Texas] is the more appropriate forum under Section 152.207 or 152.208'" even though no proceedings were then pending in the child's home state of Georgia). "Because Texas law prioritizes home state jurisdiction, a Texas court may make an initial custody determination 'only if' Texas is the child's home state at the time the proceeding is filed or Texas was the child's home state within six months of the commencement of the proceeding and the child is absent but a parent or person acting as parent continues to reside in the state." *In re Barnes*, 127 S.W.3d at 847.

Similarly, a Texas court may only proceed to the forum convenience analysis under section 152.207 if it "has jurisdiction under [Chapter 152] to make a child custody determination" in the first place. *See* TEX. FAM CODE 152.207(a) ("A court of this state ***which has jurisdiction under this chapter to make a child custody determination*** may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum….") (emphasis added); *see e.g. Exxon Corp. v. Choo*, 881 S.W.2d 301, 302 (Tex. 1994) ("Before a court may invoke forum non conveniens, the court must find that it has jurisdiction over the defendant.").

Because home state jurisdiction is proper in Mississippi, the trial court abused its discretion in exercising jurisdiction over the SAPCR pursuant to alternative grounds.

## IV.     CONCLUSION

We conclude that the trial court abused its discretion in asserting jurisdiction over the child custody proceeding and in denying Anthony's special appearance and plea to the jurisdiction. Anthony does not possess an alternative remedy at law, such as an appeal. Accordingly, we conditionally grant Anthony's petition for writ of mandamus and direct the trial court to (1) vacate its March 23, 2026 order on motion to consolidate, (2) vacate its March 25, 2026 order denying Anthony's request to decline jurisdiction, (3) dismiss the action filed by Tappin seeking an initial child custody determination assigned cause number 2025-CI-13424, and vacate all orders entered in cause number 2025-CI-13424. We are confident that the trial court will comply, and our writ will issue only if the trial court does not. We lift the stay entered April 1, 2026.

PER CURIAM