■ MARTHA GENTHER, Appellant-Respondent, v RONALD E. GENTHER, Respondent-Appellant.—In a matrimonial action in which the parties were divorced by judgment dated September 11, 1984, the plaintiff mother appeals from so much of an order of the Supreme Court, Westchester County (Burrows, J.), entered March 20, 1990, as denied her motion for an award of child support, and the defendant father cross-appeals from so much of the same order as denied his cross motion to impose sanctions and counsel fees.

Ordered that the order is affirmed, without costs or disbursements.

The parties were married in 1955 and had three children. Their youngest child, Kim, born August 2, 1963, has been handicapped since birth. In 1984, the parties were divorced, by a judgment which incorporated but did not merge therein the provisions of a stipulation of settlement entered into in open court on June 24, 1984. Kim was two months short of her twenty-first birthday on the date of the stipulation. The stipulation provides, in relevant part: "Kim is 20. She will be 21 in August of this year. And the parties understand that they may get into a guardianship proceeding for her benefit. And there is purposely, therefore, no provision for her support in view of the situation. But they confirm that they are aware that they have, under *Carter v Carter* and Domestic Relations Law § 32, an obligation for support, which will be viewed from their mutual financial circumstances".

The plaintiff mother moved in July 1989 seeking, *inter alia,* reimbursement for money expended for Kim's care during the period of June 1984 until January 1989 claiming that these were expenses which the defendant father was obligated to pay under the terms of the parties stipulation. The defendant father responded that he had no obligation to support Kim beyond the age of 21 years and cross-moved to impose sanctions upon the plaintiff and her attorney by reason of the allegedly frivolous and meritless motion. The defendant also sought reimbursements for counsel fees as a result of the motion. The Supreme Court denied the plaintiff's motion and denied the defendant's cross motion.

Under New York law, a parent is chargeable only for the support of his children under the age of 21 years *(see,* Domestic Relations Law § 32 [3]; Family Ct Act § 413) even if a child is disabled *(see, Beiter v Beiter,* 142 Misc 2d 954). Moreover, while a parent may by agreement obligate himself or herself to pay child support for a child over the age of 21 years *(see, Hirsch v Hirsch,* 142 AD2d 138), only " 'an express agreement in unmistakable terms' " will cause such contractual liability to attach *(Gray v Pashkow,* 173 AD2d 1100, 1101; *Hoffman v Hoffman,* 122 AD2d 583, 584). Here, while certain language may be considered suggestive of an intent to support Kim after she reached 21 years, the conclusion is by no means "unmistakable" *(see, Gray v Pashkow, supra).* Thus, in the absence of any express indication that the support obligation was to continue beyond Kim's twenty-first birthday, we affirm

that portion of the order which denied the plaintiff mother's motion for child support.

We have considered the defendant's arguments with respect to his cross motion and find them to be without merit. Thompson, J. P., Bracken, Harwood and Copertino, JJ., concur.