

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-14-00536-CV

In re Dennis J. **MARTINEZ**

Original Mandamus Proceedings[1]

Opinion by:      Marialyn Barnard, Justice

Sitting:         Catherine Stone, Chief Justice
                 Marialyn Barnard, Justice
                 Rebeca C. Martinez, Justice

Delivered and Filed:  October 15, 2014

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

This original proceeding concerns a child support dispute involving two states: New York and Texas. Relator Dennis J. Martinez filed a petition for writ of mandamus challenging the trial court's assumption of subject matter and personal jurisdiction. We conditionally grant mandamus relief.

## BACKGROUND

Martinez and Hannia B. Pastor married in New York in 1981. In 1995, Pastor filed a petition for divorce in New York seeking a divorce and custody and support for the children of the marriage, including D.E.M, who was born February 13, 1992. The parties settled and a judgment of divorce was rendered in 1995 based on the settlement agreement. Pursuant to the settlement

---

[1] This proceeding arises out of Cause No. 2014-CI-08209, styled *In the Interest of D.E.M., a Child*, pending in the 57th Judicial District Court, Bexar County, Texas, the Honorable Janet P. Littlejohn presiding.

agreement, as incorporated in the decree of divorce, Martinez was obligated to provide child support for D.E.M. until she was emancipated. The parties' settlement and the divorce decree provided D.E.M. would become emancipated when she reached the age of twenty-one or completed four years of college, whichever came last, but in no event past the age of twenty-two.

In 1998, D.E.M. was in an automobile accident and as a result of the accident "became pretty much quadriplegic." In 2006, Pastor approached Martinez about moving to Texas with D.E.M. According to Martinez's affidavit, Pastor wanted to move D.E.M. to Texas because of the warmer climate, which would be better for the child's health. Martinez said that because Pastor represented that the move was for the child's health and well-being, he agreed to modify their prior settlement agreement to allow Pastor to take D.E.M. to Texas.

Pastor ultimately moved to Texas with D.E.M. Since the move, Martinez has visited D.E.M. in Texas three times. According to Martinez, two of the visits to Texas came about because Pastor failed to bring D.E.M. to New York. The last visit was for D.E.M.'s "graduation celebration party." Martinez denied discussing child support with Pastor during any visit to Texas.

Shortly before D.E.M.'s twenty-first birthday, Pastor filed a petition in New York seeking to modify the judgment of divorce with regard to child support for D.E.M. The modification request was based on the child's disability. However, as the parties stipulated, New York law does not provide for support of adult disabled children. *See Genther v. Genther*, 579 N.Y.S.2d 707, 708–09 (N.Y. App. Div. 1992). Accordingly, in January 2013, the New York Family Court found that Pastor "had not demonstrated sufficient changes of circumstance to warrant the relief requested," i.e., to extend Martinez's child support obligation beyond that originally agreed to by the parties and included in the divorce decree. The court found that D.E.M. would turn twenty-one on February 13, 2013 and is not a college student. Accordingly, the court held Martinez's child support obligation "shall continue . . . until February 13, 2013 **only**." (emphasis in the

original). In addition to its findings, the New York Family Court rendered an order of dismissal denying Pastor's request for modification and dismissing it with prejudice.

After failing in her attempt to obtain a modification of the child support obligation in New York, Pastor filed in Bexar County, Texas what she designated an original petition in a suit affecting the parent child-relationship. In the petition, Pastor sought the same relief that had been denied her in New York — child support beyond D.E.M.'s twenty-first birthday based on her disability status.

In response, Martinez filed a plea to the jurisdiction, challenging the trial court's subject matter jurisdiction, and a special appearance, challenging the trial court's personal jurisdiction. After a hearing, the trial court denied both the plea to the jurisdiction and the special appearance, seeming to accept Pastor's contention that this was an original suit as opposed to an attempted modification. The trial court rendered temporary orders providing for child support. Martinez then filed this petition for writ of mandamus and request for emergency stay. We granted the request for emergency stay, staying all proceedings in the trial court pending our determination of the issues.

## ANALYSIS

As noted above, after his ex-wife filed a petition in Texas seeking, in essence, to reinstate and extend his child support obligation after it expired pursuant to the New York judgment, Martinez filed a plea to the jurisdiction, asserting the trial court lacked subject matter jurisdiction, and a special appearance, asserting the trial court lacked personal jurisdiction. In this original proceeding, Martinez contends the trial court erred in denying both his plea and special appearance. Because we find the issue relating to subject matter jurisdiction dispositive, we need not address the personal jurisdiction issue.

### *Standard of Review*

Mandamus is an extraordinary remedy that generally issues only to correct a clear abuse of discretion or a violation of a duty imposed by law when there is no adequate remedy by appeal. *In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992); *In re Barnes*, 127 S.W.3d 843, 846 (Tex. App.—San Antonio 2003, orig. proceeding). With respect to factual matters, we must not substitute our judgment for that of the trial court. *Barnes*, 127 S.W.3d at 846. However, such deference does not apply to the determination of what the law is or applying it to the facts of a particular case. *Id.* A trial court abuses its discretion when it errs in determining what the law is or in applying the law to the undisputed facts. *In re Bruce Terminix Co.*, 988 S.W.2d 702, 703–04 (Tex. 1998) (per curiam) (orig. proceeding); *Barnes*, 127 S.W.3d at 846.

Mandamus is generally proper if a trial court acts without jurisdiction. *Barnes*, 127 S.W.3d at 846 (citing *In re Sw. Bell*, 35 S.W.3d 602, 605 (Tex. 2000); *In re Dickason*, 987 S.W.2d 570, 571 (Tex. 1998)). The existence or absence of subject matter jurisdiction is a question of law we review de novo. *Barnes*, 127 S.W.3d at 846. Despite the general requirement that a party seeking relief by mandamus must establish he has no adequate remedy by appeal, such is not the case when the trial court lacks subject matter jurisdiction. *In re Office of Attorney Gen. of Tex.*, 264 S.W.3d 800, 805 (Tex. App.—Houston [1st Dist.] 2008, orig. proceeding) (holding mandamus will lie to prevent trial court from exercising jurisdiction it does not have even if there is adequate remedy by appeal); *see In re Oates*, 104 S.W.3d 571, 575 (Tex. App.—El Paso 2003, orig. proceeding) (holding that in jurisdictional disputes arising from child custody proceedings, relator need not demonstrate inadequacy of appellate remedy).

*Application*

When a party seeks to modify a child support order rendered by another state, the Uniform Interstate Family Support Act ("UIFSA") applies.  TEX. FAM. CODE ANN. § 156.408(a) (West 2014); *In re Casseb*, 119 S.W.3d 841, 843 (Tex. App.—San Antonio 2003, orig. proceeding) (citing *Link v. Alvarado*, 929 S.W.2d 674, 676 (Tex. App.—San Antonio 1996, writ dism'd w.o.j.)).  UIFSA, which is codified in Chapter 159 of the Texas Family Code, has been adopted by all fifty states.  *See* TEX. FAM. CODE ANN. § 159.001–.901; *Office of Attorney Gen. of Tex. v. Long*, 401 S.W.3d 911, 912–13 (Tex. App.—Houston [14th Dist.] 2013, no pet.).  UIFSA contains procedural rules for establishing, modifying, and enforcing child support obligations.  *Long*, 401 S.W.3d at 913.  The rules in UIFSA were designed to "maintain a 'one-order-at-a-time world,' ensuring that only a single controlling support order exists and is enforced consistently among the states."  *Id.* (citing Commissioner's Official Comment to UIFSA Section 207, *reprinted in* Sampson & Tindall's Texas Family Code Annotated § 159.207 (2011 ed.)).  UIFSA achieves the goal of a single, controlling support order through the concept of "continuing, exclusive jurisdiction."  *Long*, 401 S.W.3d at 913 (citing TEX. FAM. CODE ANN. §§ 155.001, 159.205–.206).  Under this concept, once a trial court with jurisdiction renders a support decree, that trial court is the only court authorized to modify the support decree as long as it retains jurisdiction.  *Long*, 401 S.W.3d 913 (citing TEX. FAM. CODE ANN. § 159.205).

Under UIFSA, as codified in the Texas Family Code, the trial court that rendered the original support decree retains continuing, exclusive jurisdiction as long as at least one person affected by the decree — the obligor, the obligee, or the child — still resides in the rendering state, or the parties consent "in a record or in open court" to alter jurisdiction.  *Id.*  This means courts in other states must enforce the support decree as written unless the rendering state loses its continuing, exclusive jurisdiction.  *Long*, 401 S.W.3d at 913 (citing TEX. FAM. CODE ANN.

§ 159.611 (setting forth circumstances in which court may modify support order from rendering state). It is undisputed in this case that Martinez, the original obligor under the New York support decree, still resides in New York and there is nothing in the record to establish the parties consented to surrender jurisdiction to the Texas courts. Accordingly, New York retains continuing, exclusive jurisdiction. *See Long*, 401 S.W.3d 913.

It is the burden of the party seeking to modify a support decree from another state to establish the trial court's jurisdiction pursuant to UIFSA. *In re T.L.*, 316 S.W.3d 78, 83 (Tex. App.—Houston [14th Dist.] 2010, pet. denied) (citing *Link*, 929 S.W.2d at 676). As noted above, the circumstances under which a court may modify a support decree from another state are found in section 159.611 of the Family Code. *See* TEX. FAM. CODE ANN. § 159.611. A modification is permitted by the non-rendering state under the circumstances set forth in section 159.611 because under such circumstances the rendering state no longer has a sufficient interest in the modification of its order. *T.L.*, 316 S.W.3d at 83 (citing TEX. FAM. CODE ANN. § 159.611). Accordingly, we turn to section 159.611 to determine if Pastor established New York no longer has a sufficient interest in the modification of its prior support decree, i.e., whether Texas, as the responding state under UIFSA, could go beyond mere enforcement and assume jurisdiction to modify the New York decree.[2]

Section 159.611 of the Family Code provides a Texas court may not modify a child support order rendered in another state unless: (1) the child, the obligor, and the obligee do not reside in the issuing state, a non-resident petitioner seeks the modification, ***and*** the respondent is subject to personal jurisdiction in Texas courts; or (2) Texas is the child's residence, or a party is subject to the personal jurisdiction of Texas courts, ***and*** all of the parties have filed consents in a record in

---

[2] A non-rendering state is required under UIFSA to enforce the support decree.

Texas, permitting a Texas court to modify the support decrees and assume continuing, exclusive jurisdiction. TEX. FAM. CODE ANN. § 159.611(a), (b). As the party seeking a modification, it was incumbent upon Pastor to establish the Texas court's jurisdiction to modify the New York decree. We hold Pastor did not establish the mandates that would have permitted the Texas trial court in this case to modify the New York support decree.

The record establishes, and it is undisputed, that Martinez still resides in New York and Pastor, the petitioner, is a Texas resident. Thus, Pastor did not produce evidence to meet the mandates of section 159.611(a). *See id.* § 159.611(a). Likewise, she did not produce evidence to meet the mandates of the alternative provision, section 159.611(b). There is nothing in the record to establish that Pastor, much less Martinez, filed a written consent in a record in Texas, permitting a Texas court to modify the support decree and assume continuing, exclusive jurisdiction. *See id.* § 159.611(b). Thus, from the foregoing it appears New York retains continuing, exclusive jurisdiction in this matter and Texas is not permitted to assume jurisdiction to modify the New York support decree.

Pastor attempts to avoid section 159.611, and in fact the entire UIFSA scheme, by arguing the action she filed in the Texas trial court was an "original" action as opposed to a modification. Pastor has two bases for this assertion. First, she contends her action was *per force* an original action because the New York decree terminated pursuant to its own provisions before she filed suit in Texas. As we set out in the background portion of this opinion, under the New York decree, Martinez's child support obligation ended when D.E.M. turned twenty-one on February 13, 2013, and was not still in school. Thus, according to Pastor, there was no decree to modify. The trial court seemed to agree with Pastor's assertion. At the hearing, the trial court queried Martinez:

> THE COURT: How is the issuing state New York if the child turned 21 and there is no child support order in place in New York.

[MARTINEZ'S COUNSEL]: There was a child support order.

THE COURT: Was. It's not current, is it?

Second, Pastor contends her Texas suit was an original action because she never registered the New York decree in Texas, and therefore her suit was an original action as opposed to a modification. The trial court seemed to accept this position as well. The trial court asked Martinez if the New York decree was filed as a foreign order. Admittedly, it was not, so the trial court then asked: "Okay. So this is an original suit?" Martinez advised that Pastor *attempted* to file it as an original suit, but countered that in reality it is an action to modify an existing order. The trial court specifically stated the New York support decree could not be modified unless it was previously filed in Texas: "[Y]ou can't modify it unless you have filed a foreign decree and registered in the State of Texas and then seek to modify. . . . [I]t's not a modification then. It can't be a modification."

We disagree with both of Pastor's contentions and reject her attempt to avoid the mandates of UIFSA. As for her claim that her suit is an original action as opposed to a modification because the New York support decree expired by its own terms, Pastor provided no authority for this position and, in fact, UIFSA provides to the contrary. To begin with, as set forth above, section 159.205 provides only two ways in which a court may lose its continuing exclusive jurisdiction: (1) the obligor, the obligee, and the child move out of the rendering state; or (2) all individuals file written consents in Texas allowing a Texas court to assume jurisdiction and modify the other state's decree. TEX. FAM. CODE ANN. § 159.205. We agree with Martinez that if the Texas Legislature had intended to provide an additional opportunity for Texas courts to gain jurisdiction it certainly could have, but did not. *See, e.g., Mid-Century Svs. Co. of Tex. v. Kidd*, 997 S.W.2d 265, 273–74 (Tex. 1996) (holding that maxim of expression of one implies exclusion of another is aid to determine legislative intent). Accordingly, despite the expiration of the New York decree

by its terms, under UIFSA, New York never lost continuing, exclusive jurisdiction over this child support matter.

Moreover, and as is specifically applicable here, section 159.611(c) states that a Texas court "may not modify any aspect of a child support order, *including the duration of the obligation of support*, that may not be modified under the law of the issuing state."  TEX. FAM. CODE ANN. § 159.611(c) (emphasis added).  As Martinez points out, the rationale for this provision is explained in the Official Comments to UIFSA:

> The 2003 amendment to Subsection (c) . . . [is] designed to eliminate scattered attempts to subvert a significant policy decision made when UIFSA was first promulgated.  Prior to 1993, American case law was thoroughly in chaos over modification of the duration of a child-support obligation when an obligor or obligee moved from one state to another state and the states had different ages for the duration of child support.
>
> * * *
>
> From its original promulgation, UIFSA determined that the duration of a child-support obligation should be fixed by the controlling order.  If the language was insufficiently specific before . . . 2003, the amendments should make this decision absolutely clear.  ***The original time frame for support is not modifiable unless the law of the controlling State provides for modification of its duration.***

Commissioner's Official Comment to UIFSA Section 611, *reprinted in* Sampson & Tindall's Texas Family Code Annotated § 159.611 (2013 ed.) (citations omitted) (emphasis added).  Unfortunately, the Commissioner's comment was insufficient because parties began making arguments nearly identical to the one raised by Pastor in this case in an attempt to avoid the duration restriction:

> Some courts have sought to subvert this policy by holding that completion of the obligation to support a child . . . established by the now-completed controlling order does not preclude the imposition of a new obligation thereafter . . . Subsection [(e)] is designed to eliminate these attempts to create multiple, albeit successive, support obligations.

*Id.* Therefore, section 159.611(e) was enacted. Subsection (e) specifically provides that in a modification proceeding, ***the law of the state that issued the original order governs the duration of the support obligation***. TEX. FAM. CODE ANN. § 159.611(e) (emphasis added). Moreover, the obligor's fulfillment of the duty of support established under the original order ***precludes the imposition of a further obligation of support by a Texas court***. *Id.*

Accordingly, based on subsections (c) and (e) and the comments thereto, the trial court in this case could not modify the duration of the New York decree to impose a further support obligation upon Martinez or create a new obligation based on D.E.M.'s disability. The duration of the New York support decree is governed by New York law, which the parties stipulated does not provide for support of adult disabled children. *See Genther*, 579 N.Y.S.2d at 708–09. Hence, the New York court's decision to reject Pastor's modification attempt.

Moreover, Texas law mandates a finding that New York retains exclusive controlling jurisdiction and Pastor's suit had to be filed as a modification of the New York decree. Pastor's suit was brought pursuant to Chapter 154, Subchapter F of the Family Code, which governs support obligations for minor or adult disabled children. *See* TEX. FAM. CODE ANN. §§ 154.301-.309. Section 154.309(c) specifically states that a court that obtains continuing, exclusive jurisdiction of a suit affecting the parent-child relationship involving a disabled person who is a child, retains its continuing exclusive jurisdiction even after the child becomes an adult. *Id.* § 154.309(c). Additionally, section 154.305 specifically states that a suit for child support for a disabled child or adult may be filed as an original suit only if "no court has continuing, exclusive jurisdiction of the child." *Id.* § 154.305(b). However, if a court already has continuing, exclusive jurisdiction of the child, the suit may be filed as a modification of the support obligation. *Id.* § 154.305(b). Thus, based on Subchapter F, Pastor's Texas filing could not be an original suit because as we have determined, the New York court retained continuing, exclusive jurisdiction of D.E.M.'s support.

As for Pastor's argument that her Texas suit constitutes an original action as opposed to a modification because she never registered the New York decree in Texas, we hold this lacks merit as well. This contention defies the policies underlying UIFSA. If Pastor is correct, any party could circumvent the modification rules under UIFSA by simply refusing to register the foreign support order and filing an "original" action. This does not comport with the purpose of UIFSA, which is to "maintain a 'one-order-at-a-time world,' ensuring that only a single controlling support order exists and is enforced consistently among the states." *Long*, 401 S.W.3d at 913 (citing Commissioner's Official Comment to UIFSA Section 207, *reprinted in* Sampson & Tindall's Texas Family Code Annotated § 159.207 (2011 ed.)). Thus, the trial court's focus on whether or not the New York decree has been registered is misplaced. The only relevant factor in determining whether Pastor's action was an original suit or a modification is the existence or absence of a prior controlling support order. *See* TEX. FAM. CODE ANN. § 159.207(a) (stating that if only one tribunal has issued child support order, order of that tribunal controls and must be recognized). It is undisputed that such an order existed in this case — the New York decree. Accordingly, the absence of registration does not convert Pastor's obvious attempt to modify a pre-existing, foreign order into an original action.

## CONCLUSION

Based on the foregoing analysis, as to the trial court's subject matter jurisdiction in this matter, we hold New York rendered the controlling order and retained continuing, exclusive jurisdiction over Martinez's support obligation to D.E.M. As such, it was incumbent upon Pastor to establish New York no longer has a sufficient interest in the modification of its prior order by proving one of the provisions in section 159.611. *See T.L.*, 316 S.W.3d at 83 (citing TEX. FAM. CODE ANN. § 159.611). Pastor did not meet this burden, and her claim that she was not required

to establish a lack of interest by New York because her action was an original suit as opposed to a modification is without merit.

Although we are sympathetic to Pastor's attempt to obtain support for her disabled child, we are bound by the statutory mandates of UIFSA. We hold the trial court lacked subject matter jurisdiction over this action and the trial court erred in denying Martinez's plea to the jurisdiction. Given our disposition of the subject matter jurisdiction issue, we need not consider Martinez's issue relating to personal jurisdiction.

Accordingly, we conditionally grant the petition for writ of mandamus and direct the trial court to render an order granting Martinez's plea to the jurisdiction and vacate its prior temporary orders. The writ will issue only if the trial court fails to render an order granting Martinez's plea and vacating its temporary orders as directed within ten days from the date of this court's order. The temporary stay previously granted by this court will remain in effect until the trial court renders an order granting the plea to the jurisdiction and vacating its temporary orders.

Marialyn Barnard, Justice