

# NUMBER 13-24-00084-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN THE INTEREST OF A.M.G.J., A CHILD

## ON APPEAL FROM THE 425TH DISTRICT COURT
## OF WILLIAMSON COUNTY, TEXAS

## MEMORANDUM OPINION

### Before Chief Justice Tijerina and Justices West and Cron
### Memorandum Opinion by Justice West

This is an appeal of an order establishing child support of child A.M.G.J.[1] By five issues, which we construe as four, Mother argues that the trial court erred when it (1) did not permit her to appear or testify at trial remotely as required by the Uniform Interstate Family Support Act (UIFSA), (2) "sustained hearsay objections to the admission of certain evidence," (3) denied her request for child support in excess of the statutory guidelines,

---

[1] To protect the identity of the minor child, we refer to the child and his or her parents by their initials or an alias. *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8(a).

and (4) denied her motion for a continuance and motion to compel discovery. We affirm in part and reverse and remand in part.

## I. BACKGROUND[2]

Mother and C.K.R. (Father) briefly dated while they both lived in Texas. In January 2016, Mother became pregnant with A.M.G.J., and in April, Mother moved into Father's house. Shortly thereafter, the parties separated, and Mother moved into her parents' house in Hawaii.

A.M.G.J. was born in Hawaii in October 2016. On November 15, 2016, Mother filed a petition in Hawaii family court seeking to establish Father's paternity of A.M.G.J., sole custody of A.M.G.J., child support, and other payments from Father. *See MJ v. CR*, 496 P.3d 501, 506 (Haw. Ct. App. 2021). The Hawaii family court order granted Mother primary physical custody of A.M.G.J., awarded monthly child support of $2,784 to Mother, and ordered Father to pay other child-related expenses. *Id.* at 507. Father appealed. *Id.* The Hawaii intermediate court held that the family court lacked personal jurisdiction over Father. *Id.* at 505, 510. The intermediate court affirmed the portions of the order regarding child custody but reversed and vacated the portions of the order "address[ing] Father's paternity, child support, or other monetary obligations from Father." *Id.* at 519.

On April 11, 2022, Father filed his original petition to establish paternity and child support obligation in the 425th Judicial District Court of Williamson County, Texas. Mother

---

[2] This case is before this Court on transfer from the Third Court of Appeals in Austin pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. §§ 22.220(a) (delineating the jurisdiction of appellate courts), 73.001 (granting the supreme court the authority to transfer cases from one court of appeals to another at any time that there is "good cause" for the transfer). Because this is a transfer case, we apply the precedent of the Third Court of Appeals to the extent it differs from our own. *See* TEX. R. APP. P. 41.3.

2

filed her answer on July 11, 2022, and a counter suit on August 3, 2022, requesting the trial court order Father to pay child support above the maximum of the Family Code guidelines.

Trial commenced on October 3, 2023. Father, his attorney of record, and Mother's attorney of record appeared in person. Mother's attorney, having filed her second-amended motion for continuance of trial on October 2, 2023, argued that a continuance was necessary "based on the lack of discovery" in the case. The trial court denied the motion. Mother's attorney then requested Mother be allowed to testify remotely because she resided in Hawaii. Father's attorney objected, the trial court granted Father's objection, and Mother was not allowed to testify at trial. Mother's attorney later re-urged the request, and the trial court responded that it could not grant the motion because "the law does not allow" it. In its oral pronouncement of the final ruling, the trial court clarified:

> First, I want to address the issue of allowing or not allowing the remote testimony. . . . [Texas Rule of Civil Procedure] 21(d)(b) says unless notice of court proceeding states otherwise, a person who participates in a court proceeding does so by physical presence in the courtroom. Upon appropriate notice, a party or the court may allow or require a participant to appear at a court proceeding by video conference, telephone conference or other available means except as provided in (2). There was no prior notice so pursuant to Texas Rules of Civil Procedure 21(d), the Court cannot allow the remote appearance of [Mother].

The trial court then adjudicated C.K.R. as the father of A.M.G.J., ordered him to pay Mother the maximum amount under the statutory child support guidelines, and denied Mother's request that he pay child support in excess of the statutory guidelines.

Mother filed a request for findings of fact and conclusions of law. The trial court issued its findings of fact and conclusions of law on January 25, 2024. Relevant here, it

concluded "that pursuant to Texas Rules of Civil Procedure 21(d) a party or witness may only testify [remotely] if prior notice is given or by agreement of the parties." It then found that Mother failed to provide prior notice, and the parties were not in agreement that she could testify remotely. This appeal ensued.

## II.    DISCUSSION

By her first issue, Mother argues the trial court abused its discretion when it denied her motion to testify at trial remotely.

A trial court's ruling on a party's request to participate at trial by alternate means is reviewed for an abuse of discretion. *In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003); *see also Nikolenko v. Nikolenko*, No. 01-20-00284-CV, 2022 WL 479988, at *9 (Tex. App.—Houston [1st Dist.] Feb. 17, 2022, pet. denied) (mem. op.). "A trial court has no discretion in determining what the law is or properly applying the law." *In re Cervantes*, 300 S.W.3d 865, 872 (Tex. App.—Waco 2009, no pet.) (quoting *In re Dep't of Fam. & Protective Servs.*, 273 S.W.3d 637, 642–43 (Tex. 2009) (orig. proceeding)). Thus, "[i]f the trial court fails to properly interpret the law or applies the law incorrectly, it abuses its discretion." *Id.*; *In re Russell*, 321 S.W.3d 846, 853 (Tex. App.—Fort Worth 2010, no pet.); *see also Barrera v. Barrera*, No. 13-11-00116-CV, 2012 WL 256131, at *1 (Tex. App.—Corpus Christi–Edinburg Jan. 26, 2012, no pet.) (mem. op.).

The trial court denied Mother's request to testify remotely based on Texas Rule of Civil Procedure 21d. *See* TEX. R. CIV. P. 21d ("Appearances at Court Proceedings"); TEX. FAM. CODE ANN. § 105.003(a) ("Except as otherwise provided by this title, proceedings shall be as in civil cases generally."). Rule 21d generally requires any "person who

4

participates in a court proceeding" to appear in person unless the court grants permission "upon appropriate notice by a party." *See* Tex. R. Civ. P. 21d(b)1). The Rule prohibits "a party or lawyer to appear electronically for a court proceeding in which oral testimony is heard, absent good cause or the agreement of the parties." *Id.* R. 21d(b)(2)(A). Thus, the trial court found that Mother could not appear or testify remotely under Rule 21d because she had not given proper notice, and the parties were not in agreement.

Mother argues that the trial court was required to allow her to participate and testify remotely, and it abused its discretion when it made its ruling by applying 21d instead of the procedural rules under the UIFSA. Mother argues that 21d does not apply to this case because the UIFSA controls, and the statute "triggers 'special rules of evidence and procedure' to alleviate issues of distance between the parties in interstate cases."

Father argues that Mother waived this argument because she never mentioned the UIFSA during trial or in her answer, counterpetition, or any of her pre-trial motions. He also argues that Mother failed to preserve this argument because her objection at trial does not comport with the argument she now raises on appeal. He points to her motion for continuance in which she states that she was "unable to travel" on the day of trial due to a conflicting neurologist appointment and her physician's advice that she should not travel after the appointment.

To preserve error for appellate review, an appellant must make a timely, specific objection, and obtain an adverse ruling. Tex. R. App. P. 33.1(a). Despite Father's contentions that Mother was required to mention the UIFSA in her objection, the rule does not require that level of specificity. *See id.*; *B.B. v. A.C.B.*, 693 S.W.3d 501, 508 (Tex.

5

App.—Houston [14th Dist.] 2023, no pet.) ("[A] party need not spout 'magic words' or recite a specific statute to make a valid objection. References to a rule, statute, or specific case help to clarify an objection that might otherwise be obscure, but an objection is not defective merely because it does not cite a rule, statute, or specific case." (citation omitted)).

Prior to the commencement of trial, and in support of her motion for continuance, Mother's counsel explained to the trial court that both Mother and A.M.G.J. "live in Hawaii and the previous [child support] order . . . was entered in Hawaii." After the trial court denied the motion, Mother's counsel requested that Mother testify remotely because she was currently in Hawaii. She also re-urged the motion when she cross-examined Father, arguing that it was necessary that Mother "testify to her current employment status or how much money she's earning a month." Here, Mother's attorney's objections were timely and specific, and she obtained an adverse ruling from the trial court. *See* TEX. R. APP. P. 33.1. The objections sufficiently comport with her argument on appeal because she did not object based on an alleged health issue, but because Mother was a resident of Hawaii. We conclude that Mother's argument is preserved for appellate review. *See id.*; *B.B.*, 693 S.W.3d at 509 (concluding that though appellant "did not specifically use the words 'due process,'" his objections were sufficiently clear that "he could not meaningfully participate in the hearing," and he preserved his complaint for appellate review). We proceed to address Mother's argument.

Under the UIFSA, a trial court must allow "a party or witness residing outside" of Texas "to testify . . . by telephone, audiovisual means, or other electronic means at a

6

designated tribunal or other location." TEX. FAM. CODE ANN. § 159.316(f); *see also In re Braden*, No. 14-17-01014-CV, 2018 WL 1004903, at *2 (Tex. App.—Houston [14th Dist.] Feb. 22, 2018, no pet.) (orig. proceeding) (concluding that § 159.316(f) requires a party or witness residing outside of Texas be allowed to testify "by telephone, audiovisual means, or other electronic means" because the Legislature used the word "shall," as opposed to "may").

"[The] UIFSA contains procedural rules for establishing, modifying, and enforcing child support obligations." *In re Martinez*, 450 S.W.3d 157, 161 (Tex. App.—San Antonio 2014, no pet.). The statute applies to child support proceedings in which a party to the proceeding is not a resident of Texas, and the Texas court has jurisdiction to establish or enforce the child support order. *See* TEX. FAM. CODE ANN. §§ 159.201(a) (providing ways a Texas court may exercise personal jurisdiction over a nonresident "[i]n a proceeding to establish or enforce a support order or to determine parentage of a child"), 159.401(a)(1) (providing, in relevant part, that if a child support order "entitled to recognition under this chapter has not been issued, a responding tribunal of this state with personal jurisdiction over the parties may issue a support order if . . . the individual seeking the order resides outside this state"); *In re Martinez*, 450 S.W.3d at 161. If a provision of the UIFSA conflicts with a provision of the Texas Family Code or Texas Rules of Civil Procedure, and the conflict cannot be reconciled, the UIFSA prevails. *See* TEX. FAM. CODE ANN. § 159.001 ("If a provision of this chapter conflicts with a provision of this title or another statute or rule of this state and the conflict cannot be reconciled, this chapter prevails."); *see also*

7

TEX. R. CIV. P. 21d cmt. ("Certain statutes expressly prohibit or further permit electronic appearances, in which case the governing statute applies.").

Father filed his original petition to establish child support of A.M.G.J., a child born outside of Texas and residing outside of the state with Mother. The record shows that Mother is a nonresident of Texas, Mother's and A.M.G.J.'s address is in "Kapolei, Hawaii," and child support was originally adjudicated (and vacated) in Hawaii. Mother filed a counter petition seeking child support in excess of the statutory maximum. It is undisputed that the trial court in this case had jurisdiction over Mother, and Mother resides outside of Texas. *See* TEX. FAM. CODE ANN. § 159.201(a)(2), (6); *see also MJ*, 496 P.3d at 505 (concluding that the family court had jurisdiction to decide custody of A.M.G.J. but the court "lacked personal jurisdiction over Father to decide Father's paternity and Father's obligations for child support and other monetary expenses related to Child").

Accordingly, we agree that the UIFSA applies to the proceedings in this case, and the trial court was required to allow Mother to participate or testify "by telephone, audiovisual means, or other electronic means." *See* TEX. FAM. CODE ANN. § 159.316(f); *see also In re Braden*, 2018 WL 1004903, at *2. The trial court abused its discretion when it made its ruling based on Rule 21d instead of the UIFSA. *See In re Cervantes*, 300 S.W.3d at 872; *In re D.D.J.*, 136 S.W.3d 305, 308–09, 314–15 (Tex. App.—Fort Worth 2004, no pet.) (concluding that the trial court abused its discretion when it denied the appellant's request to participate at the trial by alternative means because appellant was currently incarcerated and the court "made no accommodation for Appellant to participate effectively in the proceeding" and reversing and remanding the case).

8

We sustain Mother's first issue. Because this issue is dispositive, *see* TEX. R. APP. P. 47.1, we need not address her remaining issues.

### III.    CONCLUSION

We reverse the portion of the trial court's judgment issuing child support. Because the parties do not dispute the trial court's ruling establishing C.K.R. as the father of A.M.G.J., we affirm that portion of the trial court's order. We remand this case to the trial court for further proceedings consistent with this opinion.

JON WEST
Justice

Delivered and filed on the
24th day of April, 2025.